AUGUST DERKENY, APPELLANT, *v.* LOUIS BELFILS, RESPONDENT.

INSTRUCTIONS.—Where issue is joined on the merits in an action for goods sold and delivered, it is error to instruct that if the plaintiff had sold the demand before the commencement of the action he cannot recover.

APPEAL from Benton County.

The facts are stated in the opinion of the Court.

*John Kelsay and R. S. Strahan*, for Appellant.

*John Burnett and W. W. Thayer*, for Respondent.

By the Court, UPTON, C. J.:

This appeal is from a judgment of the Circuit Court for Benton County, rendered in favor of the defendant in an action for goods, wares and merchandise sold and delivered.

The answer denies the sale and delivery of the goods, but alleges that the defendant received of the plaintiff certain goods to be sold by the defendant, and to be paid for by him as fast as he should sell them; and alleges that the defendant retained the privilege of returning to the plaintiff any of the goods remaining unsold whenever the defendant should demand a return. The replication denies that the goods mentioned were received by the defendant upon the terms set forth in the answer, and puts in issue all the affirmative allegations of the answer.

The record contains several assignments of error, but the only assignment it is necessary to notice here is the exception taken to an instruction to the jury, to the effect that if the jury found from the evidence ''that the plaintiff sold the account sued on before the commencement of this action, and that the same had not been purchased back by him, the verdict must be for the defendant.'' The Circuit Court, by giving this instruction, authorized the jury to determine the controversy upon a question of fact not put in issue by the pleadings, and this Court cannot assume, if the instruction was improperly given, that the error did not affect a substantial right of the plaintiff.

The distinction between pleas in abatement and defenses in bar of the action has been recognized and sustained in this State constantly since the subject first came before this Court in the case of *Hopwood* v. *Patterson* (2 Ogn. 49), where it was held that answers in the nature of pleas in abatement should be pleaded separately, and be disposed of before an answer to the merits is considered. We cannot sustain the position taken by the respondent in this case unless we not only disregard the rule laid down in that

case, but go further and hold that one who has pleaded to the merits may have all the advantages of a defense in abatement of the action without having plead in abatement or in any manner apprised the plaintiff of the defendant's intention to contest the plaintiff's right to sue upon the demand.

The respondent urges that objections to the competency of evidence cannot be raised for the first time in the Appellate Court, and that no objection was made to the introduction of evidence tending to show that the plaintiff had sold the *chose in action* upon which he sues. The bill of exceptions is silent as to whether such evidence was introduced, and we cannot assume error, in support of the verdict and judgment, that irrelevant testimony had been received without objection, and that the plaintiff had thus waived his right to except to the instructions. For aught that is disclosed by the record, the error was committed without any fault or negligence of the plaintiff.

The error disclosed was not only calculated to affect a substantial right, by diverting the attention of the jury from the questions they were called to try, but it was calculated to place the plaintiff in the attitude of being bound by a final judgment on the merits, when the fact found could properly have no greater effect than that of abating the action.

[The judgment of the Court below was reversed, and a new trial ordered.—REP.]