THE STATE, SAMUEL L. RUMSEY, PROSECUTOR, v. THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY, DEFENDANTS.

1. A corporation, bringing suit in a justice's court, is not, upon an appeal, bound to prove its corporate existence, if no objection was, by the defendant, made to its failure to do so on the trial in the court below.

2. In an action broug .t to recover for the rent and services of a telephone, it appeared that the number of each service was entered at the time upon a slip, and these slips were sent to the main office where the gross number of calls for each month was entered in a book and the .slips were afterward destroyed. *Held,* that the book was not admissible in evidence.

---

This writ brings up a judgment of the Essex Common Pleas, affirming a judgment rendered upon a verdict in favor of the New York and New Jersey Telephone Company against Rumsey, before a justice of the peace.

Argued at November Term, 1886, before Justices REED, MAGIE and PARKER.

For the plaintiff, *James W. Field* and *Joseph K. Field*.

For the defendant, *Charles F. Lighthipe*.

The opinion of the court was delivered by

REED, J. The first reason assigned for reversal which I shall consider is that the plaintiffs, being a corporation, did not prove their corporate existence at the trial in the Common Pleas.

The record of the trial shows that one of the reasons urged before the Court of Common Pleas was that there had been no evidence of the capacity of the plaintiff to sue as a corporation, and it is admitted that there was an absence of such testimony.

It is settled in the superior courts of this state that the failure of a plaintiff suing as a corporation to prove its corporate character is immaterial, unless the defendant has interposed the plea of *nul tiel* corporation. It is by force of this plea, aimed directly at the existence of the plaintiff, that it is put upon proof of its ability to bring suit as a corporation. *Ridsdale* v. *Star Brick Co.*, 7 *Vroom* 229.

It is contended that this rule cannot apply to actions in justices' courts and in trials upon appeal from courts for the trial of small causes, because the plea of *nul tiel* corporation is inappropriate in such causes. It is true that the Justices act recognizes but two kinds of pleas, namely, title and set-off. And in the court for the trial of small causes every other defence can be raised by verbal objection.

It appears, however, that no objection was taken in the justice's court upon this point, but that it was first taken upon the trial of the appeal. I am of the opinion that this objection was one which was waived by the failure to raise it below. It was not an objection which went to the merits but merely to the ability of the plaintiff to sue at all. *Jaques* v. *Hulit*, 1 *Harr.* 38. The Court of Common Pleas did right in disregarding the objection.

The next reason or series of reasons is grounded upon the

character of the books of account, which were offered by the plaintiffs in proving the amount of their claim against Rumsey, the defendant.

The character of the books so offered, objected to and received will appear, by a glance at the stipulation, as to what occurred at the trial in the Court of Common Pleas. Henry Wells testified that he was manager of the Orange office of the New York and New Jersey Telephone Company, and that Rumsey had had for some years a telephone in his place of business, and had always paid both for rentals of the telephone and for service; that Rumsey was, at the time of the action, indebted in the sum of $18.33 for rental, and $7.30 for service. He said that he could not give defendant an itemized bill of the number of the different calls, for the reason that when a person was called up on the telephone a memorandum was made on a slip of paper of the number of the call and the person calling, and that these memorandum slips were forwarded to the Brooklyn office and only the total number of calls, and not the number of each call, is entered in a day-book. At the expiration of a short time the memoranda from which these entries were made were destroyed.

William Graham said that he was the book-keeper of the telephone company; that the entries in the book were made up from memoranda sent to the main office, and that these memoranda had been destroyed; that the number of the different calls appear on said memoranda, but that only the total number of all the calls for each month appear in the day-book.

From the three reasons first assigned it appears that the objection taken before the justice was that the plaintiffs should be non-suited because they had not produced their books of original entry. And from the brief of counsel the notion seemed to have had a lodgment in the mind of counsel that a failure to produce the books of original entry was fatal to the plaintiffs' case. This was a mistake. The plaintiffs were at liberty to prove their claim by any testimony which was otherwise legal. The recollection of witnesses, or the admis-

sions of the defendant, are competent whether the books of original entry are produced or not. The books of original entry are the best evidence of their own contents, but the fact that they are not produced does not have the effect of excluding any other evidence of the sale of goods or rendition of services which may be entered in books.

If any citation of cases is necessary to support so obvious a statement, I need refer to but one (*Bonnell* v. *Mawha*, 8 *Vroom* 198), in which it was held that there existed a ground for recovery by the plaintiff, although his books of account were overruled because they were not accompanied by the ledger.

So, the failure to produce his books of original entry would not be fatal to the case of the plaintiff if that stood alone. But while it was entirely proper for the plaintiffs to prove their case by any legal testimony outside of their original entries of rentals and services, they did introduce testimony which, I think, was clearly illegal. The books introduced contained an entry of the footings of each month's detailed statement contained in the memorandum sent over to the Brooklyn office. Now, it is true that books which were not the primary records of the events which they register may be treated as books of original entry. In the leading case of *Price* v. *Earl of Torrington*, *Salk.* 285, the draymen came every night and gave the clerk of the brew-house an account of the beer they had delivered, which the clerk set down in a book which he kept for that purpose. This book the draymen signed, and after the death of a drayman the book was held to be evidence of delivery upon proof of the drayman's hand. It is very probable that the draymen kept their own record of the day's sale from which they gave their accounts to the clerk.

And it has been held in several cases that the fact that entries are made upon a slate and then transferred to a book, does not exclude the book when the slate entries are not preserved and the transfer is immediate. *Faxon* v. *Hollis*, 13 *Mass.* 427; *Pillsbury* v. *Locke*, 33 *N. H.* 96; *Hall* v. *Glidden*, 39 *Me.* 445.

But freshness of entry is essential. The entries must be made as soon after the transaction as is consistent with the due course of business. Each item must be entered severally when this is conformable to the nature of the transaction. *Wharton on Evidence,* § 683.

The entries in the book offered below were made long after the events occurred which they registered. The originals were the slips which were preserved for about three months before they were destroyed. So the books have not the slightest claim to originality. Nor have they any claim to be copies of the original slips which, upon proof of the destruction of the original memorandum, permits these books to be admitted as secondary evidence. They recorded the result of a computation made by the book-keeper of the plaintiffs. How far such books were useful as refreshers of the memory of the book-keeper, as to the contents of the slips, is not before us, for the books were not used for that purpose. I am clear that their admission as independent testimony was erroneous, and for this reason the judgment must be reversed.