[Filed April 30, 1891.]

## E. C. BUMP v. J. S. COOPER.

EVIDENCE—VALUE OF HOPS.—In proving the commercial value of hops at Independance on a particular day, a witness stated the value on that day at Buena Vista, a town about five miles above Independence on the Willamette river: *held*, not error.

EVIDENCE—UNRESPONSIVE ANSWER.—A witness was asked if he thought he knew what the price of hops was at Independence, November, 1888, and he answered, "seventeen and a half cents. I knew of one man getting that who lived within two miles of Independence:" *held*, not error to refuse to strike out the answer.

PLEADING—REAL PARTY IN INTEREST—IRRELEVANT EVIDENCE.—In an action to recover the value of hops sold in November, 1888, where there was no issue in the pleadings as to who was the real party in interest, evidence that in December of same year plaintiff made a bill of sale of the hops to another, was irrelevant: and *held further*, that the applicability of said evidence to an issue in the cause not being apparent, upon objection being made to its irrelevancy, counsel for appellant should have pointed out to the court the issue to which he claimed such evidence was applicable.

ACCOUNT STATED—PLEADING.—Although a paper offered in evidence for a particular purpose may be an account stated, yet if it has not been pleaded and relied upon by either party as such, it cannot control or limit the rights of the parties as an account stated.

Benton county: M. L. PIPES, Judge.

Defendant appeals. Affirmed.

This is the second appeal in this case. The opinion of the court on the former appeal is reported in 19 Or. 81, where the facts are stated. Other facts necessary to understand the questions presented on this appeal are stated in the opinion.

*John Kelsay*, and *John J. Daly*, for Appellant.

*J. R. Bryson*, and *W. S. McFadden*, for Respondent.

STRAHAN, C. J.—After reversal of this case upon the former appeal, it was remitted to the court below, where the plaintiff was permitted to amend her complaint by alleging that on the 15th day of November, 1888, the market price of hops in the town of Independence was seventeen cents per pound, and that on that day she elected to take that price for said hops and closed the sale to the defendant at that figure. Upon the second trial in the court below, the plaintiff recovered a judgment for $1,753.60, from which this appeal is taken.

The appellant took several exceptions to the introduction of the evidence, which will be separately noticed. Joseph Miller, a witness for the plaintiff, testified that Buena Vista and Independence were both situated on the Willamette river and are about five miles apart. He then testified under an exception by the appellant that he knew the price of hops at Buena Vista but not at Independence; that the prices were about that time 17 and 17¼ cents in the vicinity of Buena Vista and between there and Independence. Buena Vista and Independence are situated in such close proximity, and both on the river, that there could be no material difference in the market value of a staple production like hops between the two places. Juries are practical men, and they could not possibly be misled by such a slight discrepancy. They were bound to know, when they learned the market value of hops at one of those towns, practically the same rates would rule in the other. There was therefore no error in the admission of this evidence.

One Robert G. Moore was called as a witness in behalf of the plaintiff, and he was asked: "Do you think you know what the price of hops was at Independence, November, 1888?" And he answered: "Seventeen and a half cents. I know of one man there getting that, who lived within two miles of Independence." The defendant moved to strike out this evidence as not responsive to the question, which was overruled and defendant excepted. Strictly speaking, Moore's answer was not responsive to the question asked him; but practically but few witnesses would observe the form of the question so as to confine their answer within its precise limits. If a witness were to show a disposition to volunteer evidence by relating facts not required by the questions put to him, he would soon injure the cause his swiftness was endeavoring to serve; besides, it would be the duty of the court, which it would no doubt promptly do, if requested, to admonish such witness to confine his answers to the questions propounded to him. But where the evidence given is competent, and the witness has volunteered an

expression beyond the scope of the question, we cannot see that the appellant is in any manner prejudiced, and for that reason this exception cannot be sustained.

Another exception was taken by the defendant to the ruling of the court in refusing to allow M. Merwin to answer the following question: "State whether or not you went with Mr. Lilly, under the direction of Mr. Bump as agent for the plaintiff, to Mr. Cooper, the defendant, and witnessed a tender of money for the picking of the hops in question and demanded the possession of them under the bill of sale?" The witness was not allowed to answer the question, and an exception was taken. Counsel for appellant here offered to prove by this witness, that acting under the instructions of Wilson Bump as the agent of the plaintiff, he went with Mr. Lilly in the month of December, 1888, to the defendant in Independence, Polk county, Oregon, and witnessed Mr. Lilly tender to the defendant an amount of money for picking the hops in question in this case, and saw Mr. Lilly then and there tender a bill of sale from the plaintiff in this case conveying said hops to said Lilly, and then and there demanded the possession of said hops under the bill of sale,—all of which was refused by .the court and an exception duly taken. It was argued here that this evidence if admitted would have tended to prove that the action was not prosecuted in the name of the real party in interest, and therefore necessarily fatal to the plaintiff's case; but there was no issue in the pleadings to which this evidence could apply. Besides, it was for the admission of evidence for such purpose where there was no issue that this court reversed the court below in *Derkeny* v. *Belfils,* 4 Or. 258. The denial in the answer of the sum alleged to be due from the defendant to the plaintiff is no such issue. The allegation in the complaint is a mere legal conclusion predicated on the antecedent part of the pleading, and the denial in the answer is nothing more. It tenders no issue of fact whatever.

It is now argued that such evidence if admitted would have had a tendency to rebut the plaintiff's allegation that

XX OR.—34.

she exercised the right of election reserved under the contract. Whether such evidence would have had that tendency, it is not necessary now to decide. It is sufficient to say that its relevancy to that issue is not apparent to us in the present state of the record, and if this evidence were offered for that purpose, the court should have been notified of it at the time the offer was made.

Counsel for the appellant argued upon the trial before us that the statement of account sent by the defendant to the plaintiff on the 6th day of March, 1889, not having been objected to by the plaintiff within a reasonable time, became a stated account, and that the rights and liabilities of the parties are to be determined by what is therein contained. We have several times lately had occasion to consider what is a stated account, and its effect upon the rights of the parties, and we adhere to what has been decided on that subject. But the same has no applicability to this record, for the reason that there is no issue in the pleadings in relation to such account. We could not, therefore, give this statement the effect of a stated account if the facts otherwise justified or required it, for the reason that neither party has set it up in the pleadings or relied upon it as a cause of action or defense.

Our examination leads to the conclusion that the judgment appealed from must be affirmed, and it is so ordered.