W. J. WAY & COMPANY, Appellants, v. J. A. CROSS AND
MARIETTA CROSS.

**Books of Account:** EVIDENCE. Plaintiff entered his sales on slips and
at the close of the day entered them on a ledger which did not
show the kind of goods sold. *Held*, the ledger is not admissible
as a book of original entry.

DEEMER, J., took no part.

*Appeal from Pottawattamie District Court.*—HON. H. E·
DEEMER, Judge.

FRIDAY, MAY 31, 1895.

Action at law to recover upon an account.    There
was a trial by jury, and at the close of the introduction
of the evidence on behalf of plaintiffs the court, on the
defendants' motion, directed the jury to return a ver-
dict against the plaintiffs.    From a judgment on the
verdict so returned, the plaintiffs appeal.—*Affirmed.*

*Frank Shinn* for appellants.

*L. T. Genung* and *Fremont Benjamin* for appellees.

Rothrock, J.—The defendants are husband and
wife.    It appears that in March, 1892, J. A. Cross exe-
cuted his promissory note to the plaintiffs for the sum
of six hundred and fifty-four dollars, with interest at
eight per cent. per annum.    After he made the note he
deserted his family, and it is averred in the petition
that his whereabouts is unknown to the plaintiff.    No
service of notice of the action was had upon him, and
the only defense was made by his wife in her own
behalf.    She was not a party to the note, and the
plaintiffs were not entitled to recover any amount from

her upon the note, as such. It is claimed, however, that the debt for which the husband gave the note was given for goods and merchandise consisting of necessary family supplies, and that said goods were actually used in the family, and that the wife is liable therefor; they being a family expense chargeable upon the property of the husband and wife, or either of them, as provided in section 2214 of the Code. And the cause was tried in the court below upon the theory that it was essential to a recovery that the plaintiffs should prove that the goods alleged to have been purchased by the husband were such as might be regarded as a family expense, and that they were actually used or kept for use in the family. This measure of proof was expressly held to be necessary to recovery in *Fitzgerald v. McCarty*, 55 Iowa, 702 [8 N. W. Rep. 646]. The plaintiffs kept no books of original entries for the goods sold. They conducted their business by entering the sales on slips of paper during the day, and at the close of the day's business the amounts of money to be charged to customers were entered upon a ledger. This was the only book of account kept. It merely showed a charge of merchandise generally, and the amount for which it was sold. It did not name the kind of goods purchased. The court held that this book could not be introduced in evidence as a book of original entries. This ruling was correct. The book, of itself, was no evidence that the goods purchased were a family expense. *Fitzgerald v. McCarty, supra.* It does not appear what property was owned by the wife, nor whether the husband had any resources from which to pay for the goods the plaintiffs claim they sold to him. It is not shown that credit was expressly extended to the wife. The whole transaction appears to have been in the name of the husband, and, if the wife is liable, it must be by reason of the statute above referred to. The effect of the ruling of the district court was that

there was not sufficient evidence to authorize the jury to find that she should pay for the goods. It is not our practice to review the testimony of the witnesses in such cases. We have carefully examined the whole record, and our conclusion is that we ought not to disturb the judgment, and it is *affirmed.*

Deemer, J., took no part.