Argued July 18, decided July 25; rehearing denied September 26, 1911.

## DUFUR OIL COMPANY v. ENOS.

[117 Pac. 457.]

LIENS—EQUITABLE LIENS.

1. It being the intention of the parties to the contract of E. to drill a well for plaintiff, whereby plaintiff agreed to advance $2,500 to enable E. to buy drilling machinery, which should be consigned to plaintiff, that such machinery should be charged with repayment of the debt created by the advance, an equitable lien thereon arose in plaintiff's favor, if not at the time of the purchase, at least when it was so consigned to plaintiff.

LIENS—EQUITABLE LIENS—PRIORITIES.

2. Subsequent creditors are bound by equitable liens, where acquiring their rights with actual or constructive notice thereof.

LIENS—EQUITABLE LIENS.

3. Tools bought and shipped by E. to plaintiff's land, where E. has contracted to drill a well, being intended by the parties as a part of the security for repayment of the money advanced by plaintiff to buy part of the drilling outfit, which was consigned to plaintiff, plaintiff's equitable lien attached to such tools, as well as the articles consigned to him.

ABATEMENT AND REVIVAL—NECESSITY OF PLEA IN ABATEMENT.

4. A defendant desiring to challenge plaintiff's right to foreclose its equitable lien on property, on the ground that E., under contract with whom plaintiff claimed the lien, was not then the owner of the property, but that a person not a party was such owner, should plead in abatement.

ABATEMENT AND REVIVAL—MATTERS IN ABATEMENT AND IN BAR—JOINDER IN ANSWER—WAIVER.

5. When an allegation of the complaint, made to anticipate a special defense in abatement, is controverted by the answer, the denial is equivalent to joining matters in abatement with a plea in bar, thereby waiving the subject of abatement.

EXECUTION—LEVY ON PERSONALTY IN POSSESSION OF THIRD PERSON.

6. Under Section 233, subd. 4, and Section 300, subd. 3, L. O. L., whereby execution can be levied on personalty in the possession of another than the judgment debtor only by leaving with such third person a certified copy of the writ and a notice specifying the property levied on, no lien is created by the sheriff merely assuming to take possession of the property.

From Wasco: WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by the Dufur Oil Company, a corporation, against T. W. Enos, doing business as the Pacific Well Drilling Company, Levi Christman, sheriff of Wasco County, Oregon, T. B. Slusher and John Marsh, to enjoin the sale upon execution of certain personal property and to foreclose an equitable lien thereon. The complaint states in substance (1) that plaintiff is a corporation; (2) that on June 1, 1907, and continually thereafter, the defendant T. W. Enos was and is engaged in business as the Pacific Well Drilling Company; (3) that the defendant Levi Chrisman is the sheriff of Wasco County; (4) that plaintiff is the lessee of certain real property; (5) that on June 1, 1907, plaintiff entered into a contract with Enos, as the Pacific Well Drilling Company, whereby he stipulated to drill for plaintiff on the leased premises a well of specified diameter to a depth of 2,000 feet, if practicable, at $5.00 a linear foot, on account of which plaintiff was to advance on drafts, with bills of lading for drilling machinery attached, the sum of $2,500 as a part of the purchase price of such machinery, which was to be held by plaintiff as security for the loan.

The contract contained a clause as follows:

"It is further understood and agreed by and between the parties hereto that the oil company shall pay and advance on the price to be paid for such drilling a sufficient amount of money to pay for the labor, fuel and necessary expenses incurred by the drilling company in boring said well, but not to exceed the sum of two and one-half ($2.50) dollars for each foot as such well may be bored and all sums advanced by the oil company to the

drilling (company) on account of labor, fuel and necessary expenses and said sum of two thousand five hundred ($2,500.00) dollars, advanced on purchase price of machinery shall be deducted from any sum or sums becoming due the drilling company for boring or sinking such well, until such sums shall be fully repaid to the oil company."

The agreement also provided that the drilling company should buy all necessary castings and drive pipes, and the oil company, upon demand, would repay the purchase price thereof, with the additional freight charges thereon.

The complaint further states in effect (6) that pursuant to the contract, Enos, as the Pacific Well Drilling Company, purchased and shipped to plaintiff certain personal property, particularly describing the articles thereof, whereupon plaintiff paid out as stipulated the sum of $2,500; (7) that no part thereof has been repaid, except about $300, though the time for the payment thereof has expired; (8) that all such personal property was placed on the leased premises, and was used by the Pacific Well Drilling Company in sinking the well thereon until March 17, 1908, when plaintiff, according to the contract, took possession of the machinery, and thereafter held it; (9) that by the consideration of the circuit court of Oregon for Wasco County the defendant John Marsh, as plaintiff, secured a judgment against the Oregon Drilling Company, a corporation, the Dufur Oil Company, a corporation, the plaintiff herein, and W. H. H. Dufur, as defendant, for the sum of $725, and an execution having been issued thereon was delivered to the defendant Chrisman, who "undertook" to levy the writ on the personal property described in the complaint, and he claims to have taken actual possession thereof and threatens to sell the same, and will put his menace into execution, unless restrained; (10) that the Oregon Drilling Company had not at any time any interest in or right to such personal property, or any part thereof; (11) and that plaintiff has no plain, speedy, or adequate remedy at law.

The prayer of the bill is (1) that the sheriff be enjoined from attempting to sell the property involved herein; (2) that plaintiff be decreed to have a lien thereon; (3) that such lien may be foreclosed and the property sold to satisfy the charges imposed thereon; (4) that, after discharging the incumbrance, any surplus remaining may be paid to the party decreed herein to be entitled thereto; and (5) for such other and further relief as may be equitable in the premises.

Omitting the formal parts, the pleading of one of the parties, is as follows:

"John Marsh, one of the above-named defendants, in answer to complaint of plaintiff herein, denies each and every allegation in said complaint, except paragraph 9, which is admitted."

The defendant T. B. Slusher intervened and filed an answer denying paragraphs 2, 5, 6, 7, 8, 9, and 11 of the complaint, and alleging, in effect, that, by consideration of the circuit court of Oregon for Multnomah County, in an action wherein he was plaintiff and T. W. Enos was defendant, he secured a judgment for $376.90 and the costs and disbursements; that an execution was issued on such judgments, and the personal property described in the complaint was seized as belonging to Enos, but such levy of the writ was subsequent to the seizure of the property by Marsh under the execution issued upon his judgment.

No reply or interpleading was filed by either party, but prior to the trial it was substantially stipulated by the attorneys for plaintiff and for Marsh that the sum of $2,500 was advanced, as alleged on account of which loan about $300 had been paid; that the judgment secured by Marsh was for work performed by him in drilling the well, which he sunk 187 feet; that he was informed that some of the machinery had been paid for by such advances; that plaintiff knew he was doing work under a

contract with Enos, or whatever company the latter represented; and that Marsh never rendered any services under a contract with plaintiff.

The defendants Chrisman and Enos not having appeared or answered, the cause was tried and findings of fact were made corresponding to all the averments of the complaint, except the tenth, upon which no finding was made; that Slusher commenced an action against Enos and sued out a writ of attachment, pursuant to which the personal property involved herein was attempted to be seized as the machinery of Enos; that a judgment was rendered in that action and an execution issued thereon was directed to the sheriff, who, obeying the writ, a few days prior to the commencement of this suit, attempted to levy the same upon and to take possession of all the personal property described in the complaint; and that an execution was issued on Marsh's judgment, and the defendant Chrisman undertook to levy the writ upon and to take possession of all such property as that of the Oregon Drilling Company.

As conclusions of law, the court determined that plaintiff had a prior lien upon all the property described in the complaint, which lien should be foreclosed and the machinery, etc., sold to satisfy the demand; upon the payment of which, Slusher's judgment should be liquidated and if any money then remained it should be applied upon Marsh's judgment. A decree was rendered in accordance with such findings and Marsh alone appeals.

                                                    AFFIRMED.

For appellant there was a brief over the names of Messrs. *Taggart & Crawford,* with an oral argument by *Mr. B. B. Crawford.*

For respondent there was a brief over the names of Messrs. *Joseph & Haney,* with an oral argument by *Mr. Bert E. Haney.*

Mr. Justice Moore delivered the opinion of the court.

1. The testimony clearly shows that on June 1, 1907, when the written agreement was signed by the parties, Enos was then engaged in business as the Pacific Well Drilling Company. It is evident from an examination of the contract that it was intended to charge particular property with the payment of a debt to be created by advances made to enable Enos to secure the necessary machinery with which he could perform the work undertaken. An equitable lien was thus expressly contemplated by the parties, whereby the boiler, engine, tools, appliances, etc., should constitute security for the repayment of $2,500 advanced on account thereof: *Marquam* v. *Sengfelder*, 24 Or. 2, 11 (32 Pac. 676). Whether or not, by invoking the maxim that equity will regard as done what was intended, the lien arose when the machinery was purchased is unnecessary to determine; for the charge imposed upon the specific property attached when the boiler, engine, etc., were consigned to plaintiff in accordance with the terms of the agreement. Jones, Liens (2 ed.) § 64.

Testimony was offered by witness who appeared for defendants tending to show that some of the machinery, tools, etc., described in the complaint was never consigned to plaintiff, and such being the case no lien could be imposed thereon. In a deposition Enos stated, upon oath, that after consigning to the Dufur Oil Company machinery, with sight drafts attached, and on account of which $2,500 was paid by plaintiff, he shipped in his own name other appliances, saying:

"There were blocks and tackle worth probably in the neighborhood of $50 or $60; wrenches, $20; there was a lubricator, $16—maybe less—$12; bits, $70; pipe casing tongs, $135."

Thereupon he was cross-examined as follows:

"These things which you shipped after the $2,500 had been advanced were simply in completion of your well-drilling outfit?"

"A. Yes."

"Q. You understood, and everybody else understood, that they were held as security for the $2,500 advanced?"

"A. Yes; that was the understanding, and considered a part of it."

2, 3. "Subsequent purchasers and creditors," says an author, "are bound by equitable liens, if they acquire their rights with either actual or constructive notice of them." Jones, Liens (2 ed.) § 96. The evidence shows that the contract to which plaintiff and Enos became parties was duly recorded in the miscellaneous records of Wasco County, and that the defendants knew that the agreement had been entered into. We think the tools shipped by Enos were intended by the parties as a part of the security for the payment of the sum advanced, and such being the case the equitable lien attached thereto.

The deposition of Enos further shows that the Oregon Drilling Company was incorporated October 16, 1907, and on December 10th following it entered into an agreement with one of the defendants, in referring to which he was asked:

"Then, as I understand you, at the time that this contract before mentioned was entered into by and between the Oregon Drilling Company and John Marsh, the Oregon Drilling Company owned all the well-drilling machinery, supplies, tools, apparatus, and appliances that were used in the drilling of the well or wells contracted for by the Dufur Oil Company and you, as the Pacific Well Drilling Company?"

Without objection or exception, Enos replied:

"Yes; and also the contract with the Dufur Oil Company was assigned by the Pacific Well Drilling Company to the Oregon Drilling Company."

4. No issue was involved to which this answer was responsive, unless it related to the denial in the answer of Marsh of the allegation of the complaint to the effect that the Oregon Drilling Company, against which Marsh had secured a judgment, "had not at any time and has not now any right, title, or interest whatsoever in or to said personal property, or any part thereof." No articles of incorporation of the Oregon Drilling Company, nor any bill of sale executed to it by Enos, as the Pacific Well Drilling Company, nor any copy of either, was offered in evidence. If Marsh had desired to challenge plaintiff's right to foreclose its equitable lien upon the machinery, on the ground that Enos was not then the owner of the property, a plea in abatement should have been interposed: *Derkeny* v. *Belfils*, 4 Or. 259; *Bump* v. *Cooper*, 20 Or. 527 (26 Pac. 848); *Sutherlin* v. *Bloomer*, 50 Or. 398 (93 Pac. 135).

5. The tenth averment of the complaint anticipated a special defense of that character, but when that allegation was controverted by the answer the denial was equivalent to joining matters in abatement with a plea in bar, thereby waiving the subject of abatement: *Hopwood* v. *Patterson*, 2 Or. 49; *Chamberlain* v. *Hibbard*, 26 Or. 428 (38 Pac. 437); *Rafferty* v. *Davis*, 54 Or. 77 (102 Pac. 305).

It will be remembered that the decree provides that upon a sale of the machinery, if the sum of money realized therefrom be sufficient to satisfy plaintiff's demand, the remainder should be applied to Slusher's judgment, after liquidating which, if any money then remained, it should be given to Marsh on account of his judgment. The evidence shows that Slusher's action was commenced February 29, 1908, when he secured a writ of attachment by which the machinery was seized, but such possession was soon thereafter surrendered, and the lien of the levy released. A notice of garnishment, however, was served

at Slusher's direction upon the plaintiff, on the theory that it had constructive possession of the property, but no answer appears to have been made in response to the demand.

6. It further appears that on March 17, 1908, plaintiff took and thereafter retained actual possession of the machinery, so that when executions were subsequently issued on the judgments respectively secured by Slusher and Marsh, no levy could have been made upon the personal property, except by leaving with plaintiff's agent, who had charge of the machinery, certified copies of the writs and notices, specifying the particular property thereby rendered applicable to the executions. Sections 233, subd. 4, and 300, subd 3, L. O. L.

The "attempted" levy of the executions by the sheriff assuming to take possession of the personal property, which was then in plaintiff's possession, created no lien upon the machinery, and if the judgments respectively secured by Slusher and Marsh were rendered against the same defendant no preference right should have been allowed by the seizure which was undertaken. It will be kept in mind that Slusher's judgment was given against Enos, while Marsh's judgment was against the Oregon Drilling Company, which was not a party to this suit, and, so far as disclosed by the pleadings herein, was not in privity with either party. In view of the pleading and of the prayer of the complaint, the decree awarding to Slusher a right superior to that of Marsh was not erroneous in that particular.

There is no averment in the answers filed herein by Slusher or Marsh, whereby plaintiff could be rendered liable to pay any part of their judgments by reason of the stipulation in the contract with Enos that it would pay on account of labor, fuel, and necessary expenses incurred by him in drilling, "but not to exceed the sum of two and one-half ($2.50) dollars for each foot such well may be bored."

Believing that no errors were committed, the decree should be affirmed, and it is so ordered.

AFFIRMED: REHEARING DENIED.