## No. 9494.

### GILMORE *v.* WEISSER.

EVIDENCE—*Account.* One suing upon an account and failing to file a copy thereof as required by sec. 69 of the code is not entitled to give evidence of his account. A book showing merely the date of a purchase, with the amount charged, with no information as to the thing purchased, is not admissible to prove the account.

*Error to Denver District Court, Hon. A. Watson McHendrie, Judge.*

Mr. THOMAS WARD, JR. and Mr. W. W. ANDERSON, for plaintiff in error.

No appearance for defendants in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANTS in error sued plaintiff in error on an account for goods, wares and merchandise sold and delivered to him and his family. Defendant filed a motion for a bill of particulars, which was granted. A so-called bill of particulars was filed which gave no statement as to the goods, for which the charges were made, only the date and the amount charged being, in each instance, given. An objection to the sufficiency of the bill having been overruled, defendant answered challenging the sufficiency of the complaint to state a cause of action, and denying any indebtedness. In accordance with section 69 of the Code, R. S. 1908, demand was made upon plaintiffs to file a copy of their account, in default of which plaintiffs would be precluded from giving evidence of said account. Plaintiffs did not comply with this demand. A verdict for the amount claimed was returned and judgment entered thereon.

Several errors are assigned, but it will not be necessary to consider all of them. The principal ground of error argued is in the admission of plaintiffs' books to prove the account, and in the court's holding that the bill of particulars was sufficient, and not excluding evidence because a proper account was not filed. The testimony showed that the ledger entries, which were admitted in evidence, were made from slips from which was copied only the date and the aggregate of the sums charged on the slips. The ledger entries, therefore, showed only the amount charged to the customer, with no information as to kind of goods purchased. The book was no evidence that the charge represented the price of goods purchased for or used by defendant's family. The account should show for what goods the

charge was made, and, not so showing, the book was inadmissible. *Way v. Cross*, 95 Iowa 258, 63 N. W. 691; *Rumsey v. N. Y. & N. J. Co.*, 49 N. J. L., 322, 8 Atl. 290.

The court erred, also, in not holding the plaintiffs precluded from introducing evidence of the account from the fact that they had not complied with the demand for a copy of the account. The statute under which the demand was made is peremptory, and the defendant was entitled to be informed of each item going to make up the aggregate. *Scott v. Frost*, 4 Colo. App. 557.

For the reasons above stated, the judgment is reversed.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Burke concur.