# September Term, 1941

---

## No. 14,716.

KAFFER *v.* HUNT, DOING BUSINESS AS
HUNT COLLECTION COMPANY.
(117 P. [2d] 311)

Decided September 8, 1941.

Mr. J. I. HOLLINGSWORTH, for plaintiff in error.

Miss GRAYCE M. SMITH, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

An action on account for goods, wares and merchandise, sold and delivered, as alleged, by plaintiff's assignor to defendant. Making avail of section 69 of the Code of Civil Procedure, plaintiff did not set forth the items of the account in his complaint. Defendant, invoking the same section, moved that plaintiff be required to furnish a copy of the account, which motion was granted. Responding to the order, plaintiff filed photostatic copies of sheets purporting to show defendant's account with plaintiff's assignor, but which gave only the dates and amounts charged—nothing as to the goods for which the charges were made. Defendant, again invoking that section, moved that plaintiff's statement be made "more particular, definite and certain," by showing for what goods the charges were made, and the price thereof. The motion, although plaintiff made no showing in opposition, was denied.

Answering, defendant challenged generally, as by demurrer, the sufficiency of the complaint, and particularly that the statement of items was insufficient to require answer. Also, he denied all allegations, and affirmatively alleged "that whatever goods, wares and merchandise or other things, if any, may have been

purchased by the defendant or his family from * * * plaintiff's assignor, the same were, and have been fully paid for." There was no replication.

About one month preceding the time of trial, defendant served written demand upon plaintiff to supply a copy of the account, "or be precluded from giving evidence thereof." Plaintiff ignored the demand. When the first witness at the trial had been sworn, defendant, consistent with his contention that plaintiff's failure to supply a copy of the account upon which the action was based, operated to preclude him from "giving evidence thereof," objected "to the introduction of any testimony." The objection was overruled, and the trial proceeded precisely as if defendant had not demanded a copy of the account, or that in response to demand therefor plaintiff had adequately complied. Judgment was given plaintiff, and defendant, complaining, emphasizes the same point he constantly urged upon the attention of the trial court.

The code provision cited above, and upon which defendant relies, reads: "It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged; but he shall, within five days after a demand thereof in writing by the adverse party, deliver to him or file a copy of such account, or be precluded from giving evidence thereof. The court or judge may, on motion, limit or extend the time for delivering or filing such account, and may order a further account when the one delivered or filed is too general or is defective in any particular." Construing this code provision in a similar situation, our Court of Appeals said: "The items of the different accounts were not set forth in the pleading. * * *. Defendants were entitled to have each of the different accounts itemized * * *. The statute is peremptory. Upon demand he shall furnish the itemized account, and upon failure to do so 'shall be precluded from giving evidence thereof.' The court erred in receiving any evidence without the accounts." *Scott v.*

*Frost,* 4 Colo. App. 557, 36 Pac. 910. In *Gilmore v. Weisser,* 68 Colo. 205, 187 Pac. 521, where the identical question presented here was considered, we said: "Defendant filed a motion for a bill of particulars, which was granted. A so-called bill of particulars was filed which gave no statement as to the goods, for which the charges were made, only the date and the amount charged being, in each instance, given. An objection to the sufficiency of the bill having been overruled, defendant answered challenging the sufficiency of the complaint to state a cause of action, and denying any indebtedness." Citing *Scott v. Frost, supra,* we announced, as did the Court of Appeals, that "The statute under which the demand was made is peremptory," and that the court had erred in "holding that the bill of particulars was sufficient, and not excluding evidence because a proper account was not filed."

. **[3, 4]** Plaintiff seeks to justify the judgment upon two grounds: (1) That section 3, chapter 177, '35 C.S.A., rather than the code provision which we have discussed, is controlling; and (2) that the action is "upon an account stated, and therefore, the plaintiff in error is not entitled to an accounting of any nature." Neither contention is tenable. The two enactments are not in conflict. The code provision outlines rules of pleading in actions on account, as is the basis of the demand here. The statutory section upon which plaintiff relies, above cited, has to do with the competency of witnesses to testify in relation to books of original entry, and their evidentiary value when established. It is only invocable when the party relying on books of account has so proceeded that testimony is in order. In the circumstances of this record, as we have seen, plaintiff failed to develop his pleading to that point. As to plaintiff's second contention, his failure to plead "an account stated," obviously appearing, operates adversely thereto. "To enable one to recover upon an account stated he must declare upon it as such." *Wilson v. Waldron,* 12 Wash.

149, 40 Pac. 740. See, *St. Louis Co. v. Colorado Nat. Bank,* 8 Colo. 70, 5 Pac. 800; *Bump v. Cooper,* 20 Ore. 527, 26 Pac. 848.

There were other errors, as our discussion has indicated, but the culminating one grew out of the court's order overruling defendant's objection to the introduction of any testimony. That a proper ruling on that objection may be made, let the judgment be reversed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BAKKE dissent.