Decided 13 June, 1904.

## McDOWELL *v.* PARRY.

[76 Pac. 1081.]

CONSTRUCTION OF ATTACHMENT STATUTES — NAMES OF PARTIES.

1. Attachment proceedings are strictly construed and must be exactly complied with. Under this rule the names of the parties to an action must be stated with precise correctness in the certificate of attachment required by Section 301, B. & C. Comp.

DEFECTIVE CERTIFICATE OF ATTACHMENT.

2. Under B. & C. Comp. ? 301, providing that in attaching real property the sheriff shall make and file a certificate containing the names of the parties, etc., a certificate giving the name of a party as "A. W. K." when in reality his name was "W. A. K." is fatally defective, even though in the body of the document the name was correctly stated.

ALTERED RETURN — EVIDENCE TO CONTRADICT.

3. A certificate of attachment appearing to have been changed by having written on it different initials in pencil above some of those originally written, is *prima facie* correct as first prepared, and very strong evidence will be required to show that the alteration was made before filing.

From Baker: Robert Eakin, Judge.

Suit by Lillian H. McDowell against Frank S. Parry for an injunction. The facts are stated in the opinion. Defendant appeals from a decree against him.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. Chas. A. Johns.*

For respondent there was a brief over the names of *Olmsted & Strayer*, with an oral argument by *Mr. W. H. Strayer.*

Mr. Chief Justice Moore delivered the opinion.

This is an appeal by the defendants from a decree enjoining the sale of real property. The transcript shows that Margaret E. Kersting, with her own money, purchased six lots in Baker City, Oregon, but the deed therefor was inadvertently executed to her husband, W. A. Kersting, against whom the defendant Frank S. Parry thereafter secured a judgment in the superior court for Los Angeles County, California, in which he is designated

as A. W. Kersting. Three of these lots were conveyed to her May 9, 1900, the parties to the instrument intending to include all of them in the description. Parry commenced an action in the circuit court for Baker County, Oregon, against W. A. Kersting, to recover on his judgment, alleging in the complaint that A. W. and W. A. Kersting were identical; and, a writ of attachment having been issued, A. H. Huntington, the then sheriff of that county, on August 11, 1900, filed in the office of the county clerk a certificate entitled as follows:

"In the Circuit Court of the State of Oregon for the County of Baker.

Frank S. Parry, Plaintiff,
vs.
A. W. Kersting, Defendant,"

—and to the effect that the six lots had been attached at the suit of the plaintiff "in the above entitled action, in which Frank S. Parry is plaintiff, and W. A Kersting is defendant." Kersting and his wife, five days thereafter, executed a deed of all the lots to George H. Walker, who conveyed them to the plaintiff, she having no knowledge of the attachment, and such notice thereof only as the certificate afforded. In the action instituted in Baker County, judgment was rendered against Kersting for the sum demanded, the court ordering the lots attached to be sold in satisfaction thereof. An execution was issued on this judgment, and the defendant H. K. Brown, as sheriff, in pursuance thereof, levied on the six lots, and advertised them for sale, whereupon this suit was commenced, resulting in a decree as hereinbefore stated. It will be remembered that on August 11, 1900, when the certificate of attachment was filed, Kersting held the legal title to three of the lots, and the question to be considered is whether or not the misnomer adverted to failed to create

a lien on the latter premises as against an innocent purchaser thereof.

1. The statute prescribing the manner of creating such a lien is as follows: "Real property shall be attached as follows: The sheriff shall make a certificate containing the title of the cause, the names of the parties to the action, a description of such real property, and a statement that the same has been attached at the suit of the plaintiff; and deliver the same to the county clerk of the county in which the attached real estate is situated": B. & C. Comp. § 301. In the complaint, summons, affidavit for an attachment, undertaking therefor, and writ thereof, W. A. Kersting is properly designated as a party, but in the title in the certificate of attachment, his initials are transposed, though in the body of the certificate they are correctly given. "Attachment proceedings," says Mr. Justice Thayer in *Schneider* v. *Sears*, 13 Or. 69 (8 Pac. 841), "are statutory, and, unless the statute is strictly pursued, no right is acquired under them." The object to be attained by the filing of a certificate of attachment is to afford notice to intending purchasers that real property affected thereby has been subjected to a lien for the payment of such a sum of money as may be recovered in an action therefor: B. & C. Comp. § 303. It will be remembered that real property is attached by filing a certificate containing, *inter alia*, the names of the parties to the action. "The title of the cause," as used in Section 301, B. & C. Comp., is not so comprehensive as the designation thereof in Section 67, B. & C. Comp., where the phrase includes the names of the parties also. Mr. Bliss, in his work on Code Pleading, (3 ed.) § 145, in discussing the statutory requirements of a complaint, says, under the caption, "The Title, Which Contains the Name," "The full names of both plaintiffs and defendants should be given as plaintiffs and as defendants—not, as at common law and

in equity, by describing them in the body of the pleading, but in the form of a title to the cause — and they may be afterward referred to, without naming them, as 'the plaintiff' or 'the defendant.' " The statute regulating the manner of attaching real property, having prescribed that the sheriff's certificate shall contain (1) the title of the cause; (2) the names of the parties to the action, etc. — might seem to imply that a distinction in the term, "the title of the cause," as applied to a complaint, and when referring to a certificate of attachment, was intended, so that if the names of the parties were correctly stated in the body of the certificate, as in the case at bar, it would be a sufficient compliance with the law's demands. We think, however, that the legislative assembly, out of an abundance of caution, in attempting to protect the rights of innocent persons, required a statement of the names of the parties in the certificate of attachment as a part of the title of the cause, as prescribed in Section 67, B. & C. Comp.

2. The county clerk being required to record such certificate when filed, an intending purchaser of real property, in searching the records for attachments, would not be expected to examine the files of all cases, to ascertain if the property which he desired to purchase was encumbered with a lien; but, no provision having been made for indexing certificates of attachment in lieu thereof, the correct name of the attachment debtor must necessarily be stated therein as a part of the title of the action. It would be a travesty on judicial procedure to assume that the attachment debtor's name might be given as John Doe in the title to the action in the certificate of attachment, and correctly stated in the body thereof. Notice, to be effectual, must be in the nature of a signal of warning, the observance of which instantaneously attracts the attention of those who are interested therein or would be affected thereby, and which, if prosecuted with reasonable dili-

gence, would lead to the knowledge which it is designed to impart. Based upon this rule, the name of A. W. Kersting, as recorded in the book of attachments, could afford no notice that it was intended to affect the real property of W. A. Kersting. Thus, in *Dutton* v. *Simmons*, 65 Me. 583 (20 Am. Rep. 729), it was held that the certificate of an officer to the register of deeds of an attachment of the real estate of Henry M. Hawkins, when the name of the defendant in the writ was Henry F. Hawkins, was such a misdescription of the person sued as to render the attachment void.

3. The testimony shows that the certificate of attachment was prepared with a typewriter, and over the initials "A. W." in Kersting's name there are written with a lead pencil the letters "W. A." and it is insisted by defendants' counsel that this alteration was made before the certificate was filed, thereby creating a lien on the premises, and that an error was committed in enjoining the sale of the property. It does not appear when this change was made, except inferentially, and, as it is not conclusively shown that it was altered before filing the certificate, no error was committed as alleged.

It follows from these considerations that the decree is affirmed.                                    AFFIRMED.

---

Decided 13 June, 1904.