Argued February 26, affirmed March 23, 1915.

## PRICE *v.* THE BOOT SHOP.

(146 Pac. 1088.)

**Sales—Warranty—Extent of Liability.**

1.   The buyer of a stock of goods who did not comply with the Bulk Sales Act, but accepted a bill of sale warranting the stock against encumbrances with a guaranty against lawful claims against the stock, cannot recover on the warranty or guaranty his damages, occasioned by attachment of the goods levied while they were in his possession under a writ against the seller, unless the attachment was valid.

[As to validity of statute regulating sales of merchandise in bulk, see note in 101 Am. St. Rep. 986; Ann. Cas. 1915C, 414.]

**Garnishment—Liability of Garnishee—Waiver of Service.**

2.   The buyer could not, in such case, waive the requirement of Section 300, L. O. L., subdivision 3, providing that property in the hands of third persons shall be attached by levying a copy of the writ and the notice specifying the property attached with the person in possession thereof, since a garnishee under attachment cannot waive the rights of the defendant in attachment.

**Garnishment—Liability of Garnishee—Delivery of Possession Without Service.**

3.   Section 304, L. O. L., providing that where attachment is levied of personal property in the hands of another, it may be delivered

to the sheriff without suit, does not authorize the possessor of such property to waive the service of the writ and notice upon him, but only authorizes delivery after such service, without waiting for an order of the court.

From Marion: LAWRENCE T. HARRIS, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by O. E. Price against The Boot Shop, a corporation, and G. W. Eyre, to recover damages in the sum of $810.65 for an attachment against the goods which plaintiff had purchased from the Boot Shop and which G. W. Eyre had guaranteed to be free from all encumbrances. On March 7, 1912, plaintiff purchased a certain stock of goods in Salem, Oregon, owned by The Boot Shop. For the purpose of avoiding the necessity of complying with the Bulk Sales Act and in order to facilitate the transfer of the property, G. W. Eyre, the president of The Boot Shop, personally guaranteed plaintiff in writing that the goods were free from encumbrances, and that he (G. W. Eyre), would warrant and defend the same against all lawful claims and demands of any person whomsoever. The goods were delivered to the plaintiff. Thereafter Stillson-Kellogg Shoe Company, one of the creditors of The Boot Shop at the time of the transfer mentioned, brought an action against that concern for $165.42, and attempted to attach a portion of the stock of goods received by the plaintiff. The return of the sheriff did not show service of a copy of the writ or notice specifying the property attached. Afterward defendant Eyre settled the original action against The Boot Shop and the sheriff offered to return the goods attached. Plaintiff refused to receive them for the reason that the season for selling them was past. This action is brought against The Boot Shop by virtue of its warranty in its bill of sale and against G. W. Eyre on his

written guaranty, both of which instruments were executed to plaintiff.   At the close of plaintiff's case, upon defendants' motion, the trial court granted a judgment of nonsuit, and plaintiff appeals.            AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. George G. Bingham* and *Mr. Walter C. Winslow.*

For respondents there was a brief with oral arguments by *Mr. John A. Carson* and *Mr. Grant Corby.*

MR. JUSTICE BEAN delivered the opinion of the court.

But one question is involved upon this appeal, namely, the validity of the attachment in the case of Stillson-Kellogg Shoe Company against The Boot Shop. The record discloses that a writ of attachment was placed in the hands of the sheriff, and that that officer went to the plaintiff's place of business and sought to garnishee him for goods in his possession belonging to The Boot Shop.   Plaintiff knew that he had not complied with the Bulk Sales Act (Section 6069 et seq., L. O. L.), and supposed that his guaranty fully protected him.   He was unwilling to become a garnishee, and therefore turned the goods over to the sheriff, who took them into his possession and made his return as though they had not been found in the hands of a third party.   The question now presented is whether the plaintiff had the right to surrender the goods without being served with the writ of attachment and a notice specifying the property attached.   Subdivision 2 of Section 300, L. O. L., is as follows:

"Personal property capable of manual delivery to the sheriff, and not in the possession of a third person, shall be attached by taking it into his custody."

Subdivision 3 of the same section reads in part:

"Other personal property shall be attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having the possession of the same. * * "

Section 301, L. O. L., provides in part as follows:

"Any person, association, * * or corporation mentioned in subdivision 3 of Section 300, from the service of a copy of the writ and notice as therein provided, shall, unless such property, stock, or debts be delivered, transferred, or paid to the sheriff, be liable to the plaintiff for the amount thereof until the attachment be discharged or any judgment recovered by him be satisfied."

A portion of Section 304 reads as follows:

"Personal property mentioned in subdivision 3 of Section 300 may be delivered, transferred, or paid to the sheriff, without suit; and his receipt therefor shall be a sufficient discharge accordingly."

1. It is the contention of counsel for plaintiff that under Section 304, L. O. L., Price, being in the possession of goods sought to be attached as the property of The Boot Shop, had the right to surrender the same without even becoming a garnishee or being served with the writ and notice of garnishment. Counsel for defendant maintain that plaintiff could not waive a proper service in the attachment so as to bind the defendants. In order to make the attachment in question effective and render the defendants liable for damages on account thereof, the property sought to be attached must be considered as belonging to The Boot Shop. This is conceded. The Boot Shop and its sponsor, Eyre, have the right to insist that if their property is taken away from them, or if they are to be subjected to liability on account of the same being

taken, it should be done strictly in accordance with law: Rood on Garnishment, § 286; *Raymond* v. *Rockland Co.,* 40 Conn. 401; *Schneider* v. *Sears,* 13 Or. 69 (8 Pac. 841); *Maxwell* v. *Bolles,* 28 Or. 1, 7 (41 Pac. 661); *McDowell* v. *Parry,* 45 Or. 99, 101 (76 Pac. 1081); *Dufur* v. *Enos,* 59 Or. 528, 536 (117 Pac. 457.)   By his covenant with Price, Eyre guaranteed the property against all lawful claims.   The bill of sale to Price had the same effect.   If there was no valid attachment, then the plaintiff has no legal claim against the defendants.

2. Personal property in the possession of a third person must, under our statute, be attached by serving a copy of the writ of attachment and a notice specifying the property attached upon the person having the possession thereof.   The garnishee stands, or should stand, in the position of a disinterested stakeholder, and has no authority to waive service of the writ and notice by which property in his hands, or a debt due from him to the principal debtor, is garnished: *Altona* v. *Dabney,* 37 Or. 334, 336 (62 Pac. 521); 2 Wade, Attachment, § 336; 20 Cyc. 1047; Rood, Garnishment, § 271.   Price had no authority to determine either that the Stillson-Kellogg Shoe Company was a creditor of The Boot Shop corporation, or that the sale of the goods was void as to the attaching creditor, or in any way to prejudice the rights of The Boot Shop or Eyre, its surety.   There was no valid attachment of the property in the possession of Price by the sheriff assuming to take possession thereof: *Dufur* v. *Enos,* 59 Or. 528, 536 (117 Pac. 457); *Marks* v. *Shoup,* 181 U. S. 562 (45 L. Ed. 1002, 21 Sup. Ct. Rep. 724).

3. Plaintiff, however, contends that he was authorized to surrender the possession of the personal property which was attempted to be attached without be-

coming a garnishee by virtue of Section 304, L. O. L. The garnishee may waive his own rights, but he cannot waive the rights of the defendant in the writ of attachment. He is neither required nor permitted to influence the result by any action on his part. His willingness or unwillingness to be served with process does not affect the matter one way or the other: Shinn, Attachment, § 485; 2 Wade, Attachment, § 336. The section of the Code last referred to would have authorized Price to deliver the property after service of the writ and notice upon him, thus attaching the goods in his hands; but he could not waive the service of such process so as to confer jurisdiction over the property or create a lien thereon as against The Boot Shop or Eyre. It appears that in some jurisdictions, in order to authorize a garnishee to deliver property after it has been garnished, it is necessary that upon return day the court make an order for such surrender in order to fully protect the garnishee. Section 304, L. O. L., permits a garnishee to deliver property to the sheriff after it is attached without such an order.

There being no error in the judgment of the lower court, it is affirmed.      AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.