Argued September 13, reversed October 4, 1967

PEET, *Respondent, v.* BRIGGS, *Appellant.*

432 P. 2d 310

*Gordon G. Carlson,* Roseburg, argued the cause and filed a brief for appellant.

*George L. Evans,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, Salem, and E. Nordyke, Assistant Attorney General, Salem.

Before SLOAN, J., Presiding Justice, and GOODWIN and HOLMAN, Justices.

SLOAN, J.

This is an appeal from a judgment entered against the garnishee, R. A. Briggs, doing business as R. A. Briggs & Sons. Briggs contends that the notice of garnishment purported to have been served on him was not sufficient to sustain the judgment.

Plaintiff obtained a judgment against defendant Davidson. Upon Davidson's failure to pay, plaintiff attempted to garnishee Davidson's wages by serving a writ of execution and notice of garnishment directed to "R. A. Briggs, doing business as R. A. Briggs & Sons," Davidson's employer. The sheriff's return to the writ states that it was served on "R. A. Briggs and Sons by serving Betty Mulder, Bookkeeper." This is the challenged notice. The bookkeeper filed a return which stated that Davidson had no money due him on the date of the service.

Plaintiff then filed allegations against Briggs as garnishee and alleged that the return was false and

that Davidson did have unpaid wages due him when the notice was served. The trial court ordered Briggs to appear to be examined. Briggs did appear and challenged the adequacy of the notice purported to have been served on him. The trial court held that the bookkeeper was authorized to accept and answer the notice of garnishment and entered judgment against Briggs.

■■ Plaintiff argues that the sufficiency of the notice is immaterial because the evidence established that Briggs waived the deficiency in the notice. We have held that a garnishee cannot waive defects in the process to the detriment of the judgment debtor. "The garnishee stands, or should stand, in the position of a disinterested stakeholder, and has no authority to waive service of the writ and notice by which property in his hands, or a debt due from him to the principal debtor, is garnished." *Price v. The Boot Shop,* 1915, 75 Or 343, at 347, 146 P 1088, at 1089. The judgment must rest on the validity of the service of the notice, not on a waiver.

ORS 29.170(3) requires that "* * * personal property [not capable of manual delivery] shall be attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having possession of the same, or if it be a debt, then with the debtor, * * *."

It is unnecessary to decide in this case who may have had "possession" of the incidents of the payroll. For Briggs, the employer was the person, if any, indebted to Davidson for wages. The effort here is to hold Briggs personally responsible even though he was not served with the notice and, for all that appears in the record, was unaware of the notice when Betty Mulder made the return that there were no

wages due Davidson at that time. There is nothing in the record to reflect what authority, if any, Betty Mulder had over the Briggs payroll. It is evident that she did not sign the payroll checks. Other than that the record is silent.

 We think it essential that the notice should be directed to and served on that person who will be directly amenable to judgment if the notice is not complied with. In this instance neither Davidson nor plaintiff could have attempted to hold Betty Mulder responsible for the wages. ORS 29.170(3) does not say that the notice may be served on an agent or by any other form of substituted service. In like cases this court has rigidly adhered to the most strict compliance with statutory requirements for the service of notice. *McCain v. State Tax Com.*, 1961, 227 Or 486, 360 P2d 778, 363 P2d 775. Some states, by statute, permit substituted service of the notice of garnishment. 38 CJS 377, Garnishment, § 156(f). Except where some form of substituted service is permitted, we have found no authority which holds that service on some one other than the garnishee is good.

The notice in this instance will not sustain the judgment.

Reversed.