Barbara BEERY, Appellant,

v.

Kermit BROWNING; and First
National Bank of Anchorage,
Haines Branch, Appellees.

No. S–531.

Supreme Court of Alaska.

April 18, 1986.

Loren Domke, Juneau, for appellant.

Anthony M. Sholty, John E. Casperson,
Faulkner, Banfield, Doogan & Holmes, Ju-
neau, for appellees.

Before RABINOWITZ, C.J., and
BURKE, MATTHEWS, COMPTON and
MOORE, JJ.

## OPINION

BURKE, Justice.

### I. INTRODUCTION

A judgment creditor, Barbara Beery, ap-
peals the summary judgment dismissing
her attempted garnishment of debtor Ker-
mit Browning's accounts held by garnishee
First National Bank of Anchorage. At is-
sue on appeal is whether Beery complied
with the notice requirements of Alaska Civ-

il Rule 89(f)(3).[1] . That rule requires a garnishor to serve upon the garnishee a notice specifying the property garnished. Since the garnishee here lacked such notice, we affirm the dismissal of the attempted garnishment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 1983, judgment creditor Barbara Beery obtained a Writ of Execution ("Writ") from the Clerk of Court, Juneau, in the amount of $6,385.06. On Beery's instructions, the Clerk turned over the signed and sealed Writ directly to Ted Price, an authorized process server.

Mr. Price personally served both the Writ and a Creditor's Affidavit ("Affidavit") specifying the property to be seized on Emma Houston, an authorized agent of the Juneau branch of the First National Bank of Anchorage ("Bank").[2] Mr. Price asked Mrs. Houston to notify the Haines branch, where debtor Browning had his accounts, to withhold and forward funds to the Clerk of Court. Later, Mrs. Houston called the process server and told him to take back the Writ. She said that the Juneau branch refused to accept service for the Haines branch. The Bank asserted that Mr. Price had to personally serve the branch actually holding the assets.

Mr. Price retrieved the Writ from the Juneau branch and express mailed both the Writ and the Affidavit, return receipt requested, to the Bank's Haines branch. The Haines branch received the Writ on November 7. On November 8, Gretchen Hundertmark, Secretary to Beery's attorney, called the Haines branch and talked to an employee who acknowledged receipt of the Writ.

The Bank employee also stated that approximately $900 was withheld from the debtor's accounts and that another employee was "processing" the papers.

Several days later, Beery's attorney learned that the Bank had transmitted no funds to the Clerk of Court. On November 10, the Haines branch returned the Writ and Affidavit to the Juneau Clerk's office with a note refusing any service not personally served by a process server or a state trooper. The note also asserted that the "papers are not addressed to this bank."[3] The Bank sent a copy of this note to Beery's attorney.[4]

■ Beery filed a Motion for Order to Show Cause under Civil Rule 89(1). The Motion asked that an agent of the Bank's Haines branch explain why the Bank should not be held in contempt for its failure to deliver to the court funds in its possession belonging to the judgment debtor.[5] The Bank opposed Beery's motion and moved for summary judgment. It argued that both attempts at service were ineffective and thus the Haines branch was not in contempt for its failure to pay over cash in the accounts. The Bank attacked both the manner of the service and the content of the notice provisions. The superior court heard arguments on the summary judgment motion and entered a brief order dismissing the garnishee proceeding. The court stated no reasons in its order. This appeal followed and we affirm.

## III. CONTENT OF GARNISHMENT NOTICE

On appeal, the parties dispute the propriety of both the manner of service[6] and the

---

1. Alaska Rule of Civil Procedure 89 provides for attachment procedures.

2. Together, the Writ and Affidavit notified the Bank of the amount of the judgment, the identity of the judgment debtor, and the types, location, and numbers of accounts held in the judgment debtor's name.

3. Like all Writs of Execution, this Writ was addressed "To Any Officer Serving Process." The Affidavit bore no address.

4. The record does not indicate what then became of the nine hundred dollars. Beery presumes that Browning withdrew the funds since he was then on notice of the levy.

5. Beery prematurely requested a contempt order. Civil Rule 89(*l*)(6) only allows a contempt order *after* the court has restrained the garnishee as a result of one examination. Beery should have merely moved to examine the garnishee under Civil Rule 89(*l*)(1).

6. For purposes of this opinion only, we assume without deciding that personal service on the

content of the garnishment notice.[7] Because we hold that Beery served no Rule 89 notice, and that no circumstances justify an estoppel, we need not reach the other issues.

 To execute her judgment against Browning, Beery needed to comply with AS 09.35.110. That section describes the procedure for execution of a judgment. It provides that "[a]ll property shall be levied upon ... in the manner that similar property is attached...." Alaska Statutes Title 9, Section 40 and Civil Rule 89 govern attachment.[8]

Civil Rule 89(f)(3) provides that:

personal property [in the possession of a third party or not capable of manual delivery] shall be attached by leaving *a certified copy of the writ, and a notice specifying the property attached,* with the person having possession of same, or if it be a debt, then with the debtor.

(Emphasis added). Civil Rule 89(f)(3) is the only rule or statute that defines the notice the garnishee must receive. Other applicable provisions also mention "notice" as a separate entity from the writ, but do not describe the required "notice." For example, AS 09.40.040, applicable to both writs of attachment and execution, provides:

All persons having in their possession personal property belonging to the defendant or owing a debt to the defendant at the time of service upon them of the

Juneau branch effectively served the Haines branch for purposes of Rule 89(f)(3).

7. Technically, a writ of garnishment applies only to execution on the judgment debtor's wages. *See* AS 09.38.035. Since Beery attempted to levy on personal property other than wages, she properly obtained a writ of execution. *See* AS 09.35.030. Civil Rule 89(*l*)(1) designates as a "garnishee" any person ordered to appear for examination on property held for a defendant. For convenience, we describe Beery as garnishor and the Bank as garnishee.

8. We reject Beery's claim that Civil Rule 4 governs service of an execution notice. Civil Rule 4 governs service of a summons and complaint. Unlike a summons and complaint, an attachment notice immediately makes the garnishee liable for any transfer contrary to the notice's

*writ and notice* shall deliver, transfer, or pay the property or debts to the peace officer....

(Emphasis added). *See Pennington v. Employer's Liability Assurance Corp.,* 520 P.2d 96, 98 (Alaska 1974) (AS 09.40.040 applied to garnishment proceeding). Also, Civil Rule 89(*l*)(5) authorizes a judgment against the garnishee in certain instances after "service of the *writ of attachment and notice.*" (Emphasis added).

 Civil Rule 89(f)(3) required Beery to serve two documents upon the Bank, *i.e.,* a certified copy of the Writ and a notice specifying the property garnished. While Beery served the copy of the Writ, she only additionally served the Affidavit. She argues here that the information contained in the Affidavit fulfilled Rule 89's mandate to "specify the property attached."[9] She states that "[n]o clearer identification of the property to be attached is possible."

The notice required by Rule 89(f)(3), however, both specifies property *and* announces its garnishment. The notice is equally a notice of garnish*ment* as an identification of the garnished property. "Where personal property is in the possession of a third party ... to effectuate a legal attachment a *notice of garnishment* must be served on the party in possession." *Rock v. Gadberry,* 206 Or. 313, 292 P.2d 1085, 1087 (1956) (citing former ORS 29.-170)[10] (emphasis added).

instructions. *See, e.g., Redwood Restaurant & Bars v. Spruill,* 108 Ga.App. 95, 132 S.E.2d 235, 236 (1963); *cf.* AS 09.40.040 (liability of a garnishee). Given the serious consequences of garnishment, *i.e.,* potential liability to judgment creditor and debtor, we must insist on strict compliance with the notice requirements. Thus, cases liberally construing the Civil Rule 4 notice provisions are inapposite. Beery's further claim that Civil Rule 4 supercedes AS 09.-40.040 lacks merit.

9. *See supra* note 2.

10. The first part of former ORS 29.170(3), virtually identical to Alaska Civil Rule 89(f)(3), stated:

Other personal property shall be attached by leaving a certified copy of the writ, and a

In this case, while Beery's affidavit informed the Bank of the property she believed garnishable, it failed to inform the Bank that Ted Price had actually garnished such property. Indeed, the Bank received no written communication from the process server stating that a garnishment had occurred.

Both fairness and the policy of strict construction required Beery to provide a written notice of garnishment, not just a specification of garnishable property. Civil Form 189,[11] worded for pretrial attachment, illustrates such a notice. That form states:

> NOTICE IS HEREBY GIVEN that pursuant to a writ of attachment, a copy of which is annexed hereto, I have this day levied upon and attached all of the right, title and interest of defendant, _____, in and to the following property: _____. All persons are hereby notified not to transfer or remove said property, or any part thereof, until duly released from this attachment according to law.

Such minimal notice gives the garnishee a written record of the date, the process server's name, and the property interests actually garnished. This information could help the garnishee defend subsequent actions brought by either the judgment creditor, e.g., for wrongful withholding, or judgment debtor, e.g., for wrongful transfer or dishonorment.

■ The garnishee is merely a neutral stakeholder caught up in the underlying dispute between judgment creditor and debtor. See Peet v. Briggs, 248 Or. 50, 432 P.2d 310, 311 (1967) (discussing ORS 29.170(3), supra note 10, and citing Price v. Boot Shop, 75 Or. 343, 146 P. 1088, 1089 (1915)). Until properly served, the garnishee owes primary loyalty to its own creditor, i.e., the judgment debtor. Cf. Peet v. Briggs, 432 P.2d at 311 (garnishee has no authority to waive defective service

of writ and notice). The proper service of garnishment papers then immediately imposes duties and potential liabilities upon the garnishee in favor of the judgment creditor. See Redwood Restaurants & Bars v. Spruill, 108 Ga.App. 95, 132 S.E.2d 235, 238 (1963); cf. AS 09.40.040; Alaska Civil Rule 89(l)(5) (garnishee liable to garnishor for failure to turn over debtor's property). Potentially liable to either party, the garnishee should not have to guess whether the garnishor has complied with the law. Here, the Bank could rightfully conclude that a creditor's affidavit was not a notice of garnishment.

Courts have traditionally narrowly construed garnishment procedures. See, e.g., Peet v. Briggs, 432 P.2d at 311. This narrow construction policy helps protect the innocent garnishee from liability to either garnishor or judgment debtor. In the present case, we thus construe the "notice specifying the property [garnished]" to require a specific notice of garnishment. Beery's failure to provide such notice voids the attempted garnishment.

■ Beery asks us to estop the Bank from denying the validity of the attempted service. She claims that the initial actions taken by the Bank's Haines Branch employees to process the writ should prevent the Bank from later refusing to complete the transfer of funds. On the record before us, however, we disagree.

To establish an equitable estoppel, Beery must demonstrate that she reasonably relied to her prejudice on an assertion by the Bank. Municipality of Anchorage v. Schneider, 685 P.2d 94, 97 (Alaska 1984). Even assuming reasonable reliance, the record reflects no such prejudice that requires an estoppel in the interests of justice. Nowhere in the record does it appear that Beery reattempted garnishment. Had she made such an attempt soon after the Bank rejected the original service, and then

---

notice specifying the property attached, with the person having possession of the same, or if it be a debt, then with the individual debtor....

Oregon repealed this section in 1981. 1981 Or. Laws ch. 883, § 1 & ch. 898, § 53.

**11.** These forms illustrate minimal compliance with the Civil Rules. See Civil Rule 96.

found that the judgment debtor had withdrawn the funds, then we might consider the Bank estopped. Here, however, nothing in the record reflects when, or indeed if, the judgment debtor withdrew the funds.[12] Furthermore, Beery apparently did nothing to pursue her claims during the three months following the Bank's rejection. On this record, we find no prejudice.

Thus, we AFFIRM the trial court's judgment.

---

12. Beery merely presumes that such withdrawal occurred. She does not speculate about the date of any withdrawal.