GLEN L. OLSON, INC.,
*Respondent,*

*v.*

R.L. THOMPSON ENTERPRISES, INC.,
*Defendant,*

*and*

BILL'S KWIK MART NO. 4, INC.,
*Appellant.*

(32010; CA A38407)

745 P2d 1227

Allan F. Knappenberger, Portland, argued the cause and filed the briefs for appellant.

David B. Williamson, St. Helens, argued the cause for respondent. With him on the brief was Williamson & Hunnicutt, St. Helens.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

Van Hoomissen, J., dissenting.

## JOSEPH, C. J.

Appellant, Bill's Kwik Mart No. 4, Inc., a garnishee, appeals from a judgment for plaintiff, the garnishor. In June, 1984, pursuant to ORS 76.1040, a notice of transfer in bulk from R.L. Thompson Enterprises, Inc., to appellant, was issued. Plaintiff obtained a prejudgment writ of garnishment, directed to "William L. Thompson and Bill's Kwik Mart St. Helens, Oregon," as garnishees. The writ was obtained with reference to a claim against R.L. Thompson Enterprises, Inc., on which a default judgment was later issued in favor of plaintiff for $24,019.64, plus interest, costs and disbursements. It was served in St. Helens on Thompson personally and as an officer of "Bill's Kwik Mart."

The garnishees failed to file certificates in response to the writ as required by ORS 29.195. Later, and after the default judgment was entered, plaintiff filed allegations and interrogatories, which were served in St. Helens on Thompson personally and as an officer of the other purported garnishee. *See* ORS 29.135. That garnishee's name was shown as "Bill's Quick Mart, Inc.," instead of "Bill's Kwik Mart, Inc." At the hearing,[1] Thompson testified that he is the president of four corporations (Bill's Kwik Mart No. 1, Inc., Bill's Kwik Mart No. 2, Inc., Bill's Kwik Mart No. 4, Inc., and Thompson Kwiki's, Inc.) and that Bill's Kwik Mart No. 2, Inc., is the only corporation operating in St. Helens. He was the agent for service for all of the corporations and had full knowledge of all the facts, including the source and content of plaintiff's claim against R. L. Thompson Enterprises, Inc.

Bill's Kwik Mart No. 4, Inc., in Scappoose, was the intended corporate garnishee. The court dismissed the proceedings as to Thompson personally and *sua sponte* amended the pleadings to delete "Bill's Quick Mart, Inc.," as garnishee and to substitute "Bill's Kwik Mart No. 4, Inc." It then granted judgment for plaintiff.

---

[1] ORS 29.285 provides:

"If a garnishee fails to provide a certificate within the time stated, or if a certificate, when given, is unsatisfactory to the plaintiff, or if the garnishee fails to deliver property within the time stated, the garnishee or an officer of the garnishee may be ordered by the court where the action is pending or judgment has been entered to appear and be examined on oath concerning the same, and disobedience of such order may be punished as contempt."

■  Pursuant to ORCP 23B, pleadings may be amended to conform to the evidence:

> "[T]he court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits."

Amendments may be made on motion by the parties or *sua sponte* by the court. We have previously held that the trial court has broad discretion to determine when justice requires amendment to a pleading. Review is only for abuse of discretion. *See Contractors, Inc. v. Form-Eze Systems, Inc.*, 68 Or App 124, 681 P2d 148, *rev den* 297 Or 824 (1984). The rules are to be construed with a view of securing a just, speedy and inexpensive determination. ORCP 1B. Further, "[t]he court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." ORCP 12B. The trial court properly corrected the name of the garnishee corporation to "Bill's Kwik Mart No. 4, Inc."[2]

■  Appellant contends that, because plaintiff failed to proceed timely against the garnishees for failure to answer the writ, it has abandoned its right to proceed against them. We disagree. Under ORS 29.195, a garnishee has a duty to examine the writ of garnishment to determine whether it complies on its face with ORS 29.125. According to the trial court's findings of fact and judgment, Thompson understood the purpose of the garnishment and had a duty to see that an answer was made and to respond within five days. ORS 29.235. He failed to respond at all. His silence cannot be held to have created circumstances under which plaintiff abandoned its rights as a garnishor.

■  Appellant contends, alternatively, that the court erred in calculating the amount of the judgment. The court's letter opinion stated that the judgment was to be calculated by subtracting a debt to U.S. National Bank (USNB), which the garnishee had assumed in writing, from the garnishment

---

[2] The court also properly corrected plaintiff's name, which was listed on the writ of garnishment as "Olson and Johnson" but which should have been "Glen L. Olson, Inc., an Oregon corporation."

amount. The assumption was part of the consideration for the bulk transfer from defendant to appellant. In the judgment the initial garnishment amount (not including offsets for assumption of debts) was stated to be the value of the merchandise and fixtures transferred in the bulk sale, or $28,000. We agree with appellant that that valuation is incorrect.

ORS 29.205(1) provides:

"Delivery of a writ of a garnishment in accordance with ORS 29.155 to 29.185 shall be effective to garnish all property of the defendant which is in the garnishee's possession, control or custody at the time of delivery of the writ of garnishment to the garnishee, including but not limited to property in safe deposit boxes, stock, debts and other obligations then in existence and payable in money, whether due or to become due, property held on expired and unexpired bailments and leases, and property held by the garnishee pursuant to a security interest granted by defendant to garnishee."

ORS 29.275 provides, in relevant part:

"(1) Unless the garnishee shall file a certificate and deliver the property required to be delivered to the sheriff or clerk of the court within the time provided by law, the garnishee shall be liable to the plaintiff in an amount equal to the lesser of:

"(a) The amount required to satisfy plaintiff's claim or judgment; or

"(b) The value of the defendant's property held by the garnishee at the time of the garnishee's receipt of the writ of garnishment."

There is no evidence in the record that appellant owed the seller $28,000. That was the value of the merchandise received by the garnishee. The only evidence of what appellant owed when the writ issued is in the terms of the sales contract, which states $20,456.40 as the purchase price, "to be paid by assumption of balances due secured creditors, USNB $4,089.72 and IFG Leasing $1,967.96. The balance ($14,398.72) payable monthly for 36 months. Payments to include principal and interest." Thus, the evidence is that the most appellant could have owed the seller when the writ issued was $20,456.40, and that is the greatest possible garnishment amount.

Both parties agree, correctly, that the USNB debt

assumed should be deducted from $20,456.40. Appellant contends that the court should have also deducted the assumption of the IFG Leasing debt. Plaintiff responds that there was no evidence of the terms of the agreement between defendant and IFG Leasing and distinguishes it from the USNB debt, because "we can assume that the [latter] was perfected." Whether USNB had a perfected security interest or, for that matter, any security interest has no bearing on deductibility.

Appellant's promise to pay defendant's creditors created a third party beneficiary contract. As to the debts assumed, the relations between appellant, as promisor, and defendant, as promisee, became those of principal debtor and surety. There is no Oregon authority on the point, but that is the uniform rule in every jurisdiction which has decided the issue.

> "By virtue of the contract between them, the promisee has a right that the promisor shall exonerate him from his debt to the creditor, and a right to reimbursement and damages if the promisor fails to perform and he is himself obliged to pay the debt. If the creditor obtains securities from the promisor or gets a judgment against him, the promisee will be subrogated to the securities and judgment if he is compelled to pay the debt." 4 Corbin, *Contracts* § 825 (4th reprint (1972)).

Under the evidence presented there is no basis on which to distinguish between the debt to USNB and the debt to IFG Leasing. The amount of each is deductible from the original contract price for garnishment purposes because, as surety for their payment, defendant no longer owed those amounts to the seller.

Appellant also contends that the court improperly failed to deduct a debt for $10,000, which it claims to have assumed. In the absence of any findings of fact and conclusions of law requested or made pursuant to ORCP 62, we can only conclude that the trial court determined that appellant failed to sustain its burden of proof on that issue.

■     Appellant asserts that the court erred in awarding plaintiff prejudgment interest. The challenged judgment awards $23,910.28, with interest at nine percent per annum from July 1, 1984. The evidence would have supported an award of ten percent interest from the date of the sale contract (June 14, 1984) to the date of garnishment (November 30,

1984) as part of what appellant owed under the sale contract when the debt was garnished. Interest beginning on the date of the garnishment is proper

> "when the exact amount owing is ascertained or easily ascertainable by simple computation or by reference to generally recognized standards and where the time from which interest must run can be ascertained." *Gerber v. O'Donnell,* 81 Or App 262, 226, 724 P2d 916 (1986).

There was sufficient evidence from which the court could conclude that the amount owed was ascertainable on the date of the garnishment. The court did not err in awarding prejudgment interest, but the amount has to be adjusted to reflect the modification of the amount owed.

Judgment against Bill's Kwik Mart No. 4, Inc., modified to award plaintiff $14,398.72 plus $1,895.90 interest to the date of the original trial court judgment; affirmed as modified.

**VAN HOOMISSEN, J.,** dissenting.

Plaintiff garnished "Bill's Kwik Mart St. Helens, Oregon." Bill's Kwik Mart No. 2, Inc., is located in St. Helens. Bill's Kwik Mart No. 4, Inc., is located in Scappoose. Both corporations are controlled by Thompson, who was physically served with the writ. He also was the registered agent for both corporations. Plaintiff made no effort in the garnishment proceeding to show that the corporations were Thompson's *alter egos* or that there was any other basis for holding that the debt of one was the debt of the other. Nevertheless, the trial court entered judgment against Bill's Kwik Mart No. 4, Inc., for the amount that it owed defendant for the equipment. The majority approves that action. I respectfully dissent.

Service of a writ of garnishment has many of the characteristics of the delivery of a deed. It creates a right in the garnishor to receive property in the hands of the garnishee which formerly belonged to the defendant; like a deed, it alters the ownership of property. A garnishee which ignores the writ and delivers the property to the defendant will nevertheless be liable to the garnishor for the value of the property, up to the amount of the garnishment. ORS 29.135; ORS 29.195; ORS 29.275. Conversely, a garnishee which delivers property in response to the writ when the writ does not require it to do so will remain liable to the defendant. The situation obviously

requires certainty, so that the garnishee can know its duty and avoid double liability. The legislature recognized this fact and provided that the garnishee has no duty to examine the underlying validity of a writ which appears valid on its face. ORS 29.195(1).

Despite the need for certainty, the majority creates ambiguity at an essential point: Who is the garnishee? Thompson received the writ. He was an appropriate person to receive writs for several corporations with similar names. An inspection of the face of the writ, no matter how detailed or how subtle, leads inevitably to the conclusion that, of those corporations, the one in St. Helens was the intended garnishee. The only contrary evidence in the record is outside the writ, based on the circumstances surrounding the sale of the business and the bulk sales notice which was issued as a result of that sale. A garnishee should not be expected to determine its obligations by referring to external circumstances in order to guess the garnishor's intent as to whom it intended to garnish.[1] The rules for determining who has been garnished should be as clear.

The majority applies rules concerning the amendment of pleadings to approve the trial court's action in amending the allegations and interrogatories which plaintiff filed. I do not disagree with the majority's resolution of that issue. However, it is beside the point. Plaintiff filed the allegations and interrogatories under ORS 29.315 as part of enforcing the writ after the garnishee failed to file a certificate. Those allegations and interrogatories are like pleadings; they begin a garnishment proceeding and should be subject to amendment under the same conditions as other pleadings. They are *not* the garnishment. The trial court did not—and, in these circumstances, could not—amend the writ itself, which *is* the garnishment. A garnishment proceeding can only enforce the writ on which it is based. The pleadings, as amended, assert a claim against Bill's Kwik Mart No. 4, Inc. Because the only possible garnishee is Bill's Kwik Mart No. 2, Inc., those pleadings cannot support a judgment against anyone. I would reverse the judgment.

---

[1] It would not have been difficult for plaintiff to determine the facts before seeking the writ. An examination of the bulk sales notice which it received and a check with the Corporation Commissioner would have sufficed.