Argued and submitted April 5, the decision of the Court of Appeals and judgment of
the circuit court reversed and remanded to circuit court for further proceedings
August 2, 1988

# GLEN L. OLSON, INC.,
*Respondent on Review,*

*v.*

# R. L. THOMPSON ENTERPRISES, INC.,
*Defendant,*

*and*

# BILL'S KWIK MART NO. 4, INC.,
*Petitioner on Review.*

(TC 32010; CA A38407; SC S34745)

759 P2d 1087

Allan F. Knappenberger, Portland, argued the cause for petitioner on review. With him on the petition was Philip Block, Portland.

David B. Williamson, St. Helens, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

LENT, J.

## LENT, J.

The first issue is whether the writ of garnishment obtained by plaintiff was sufficiently precise to meet the requirements of ORS 29.145.[1] The second issue is whether the court was free to amend the designation of garnishee in the writ. We hold that the writ was not sufficient to satisfy the statute and that the court was not free to amend the writ.

Plaintiff received a notice of a bulk sale from defendant R. L. Thompson Enterprises, Inc., to transferee "Bill's Kwik-Mart # 4,[2] Inc." The "Transferee's Notice to Creditors" gave the transferee's business address as 33126 S.W. Callahan Road, Scappoose, Oregon. Plaintiff thereafter filed a complaint against defendant, seeking judgment in the amount of a debt owed to plaintiff by defendant. Plaintiff also moved for a pre-judgment order directing the clerk of the court to issue a writ of garnishment against "Bill's Quick Mart, Inc., and William C. Thompson." Plaintiff also filed a copy of the "Transferee's Notice to Creditors," which gave the name and address of the intended garnishee as "Bill's Kwik-Mart # 4, Inc., * * * Scappoose, Oregon."

On November 30, 1984, the circuit court clerk issued a writ of garnishment to "William L. Thompson and Bill's Kwik Mart[,] St. Helens, Oregon," as the garnishees. On December 10, 1984, the sheriff served the writ on "William L. Thompson personally and William L. Thompson as an officer of Bill's Kwik-Mart at 52001 Columbia River Hwy. Scappoose, Or."[3] Neither garnishee named in the writ filed the

---

[1] ORS 29.145 (1985) provided:

"(1) The clerk of the court shall promptly issue one or more writs of garnishment upon application of the following persons:

"(a) A person who complies with the requirements of ORCP 82A.(3), (5) and (6), 82B. through G., 83 and 84; or

"(b) A person on whose behalf a judgment requiring the payment of money had been entered.

"(2) A writ of garnishment shall be in substantially the following form: * * *."

[2] The petitioner on review has made no point of the fact that it is sometimes designated in these proceedings as "Bill's Kwik Mart # 4, Inc.," and at other times as "Bill's Kwik Mart No. 4, Inc."

[3] In its appeal before the Court of Appeals, petitioner on review raised several questions concerning the validity of the writ of garnishment. Because those questions are not before us, we express no opinion concerning the validity of the original writ of garnishment.

Because of our resolution of the first issue in this case, we also do not reach a decision on the claim that the amount of the judgment against petitioner on review as substituted garnishee was excessive.

certificate required by ORS 29.235.[4]

This case is presently before this court because there are several corporations in the general area with the appellation "Bill's Kwik Mart." Plaintiff's intended garnishee, "Bill's Kwik Mart No. 4, Inc.," is in Scappoose.[5] There is also a Bill's Kwik Mart # 2, Inc., in St. Helens, in which William Thompson is a shareholder and for which William Thompson is named agent. None of these corporations was specifically named in the original writ of garnishment. It appears from the pleadings and responses that, of all the potential garnishees which could have been included in a request for a writ of garnishment against "Bill's Quick Mart, Inc., and William C. Thompson," only Bill's Kwik-Mart No. 4, Inc., of Scappoose held any attachable assets.

On February 21, 1985, plaintiff obtained a default

---

[4] ORS 29.235 (1985) provided in part:

"(1) Within five days from the date the writ of garnishment is delivered to the garnishee, the garnishee shall prepare a certificate designating the amount and description of any property of the defendant in the possession, control or custody of the garnishee at the time of delivery of the writ of garnishment, or an amount thereof sufficient to satisfy the plaintiff's claim or judgment, whichever is less. The certificate may be in the form set forth in the writ of garnishment described in ORS 29.145(2).

"(2) If the garnishee determines that the writ of garnishment does not comply on its face with ORS 29.145(2), or if the garnishee is unable to determine from the information contained in the writ whether the property the garnishee holds is the property of the defendant, the writ of garnishment shall be ineffective to garnish the property of the defendant, and the garnishee shall mail or deliver its certificate to the clerk of the court which issued the writ within five days following the garnishee's receipt thereof, noting thereon the noncompliance with ORS 29.145(2) or the garnishee's inability to determine from the information contained in the writ whether the garnishee holds property of the defendant.

"(3) If the garnishee has no property of the defendant in the garnishee's possession, control or custody at the time of delivery of the writ of garnishment to the garnishee, the garnishee shall, within five days from the date the writ of garnishment was delivered to the garnishee, mail or deliver its certificate to the clerk of the court which issued the writ."

[5] While there is apparently no dispute that the intended garnishee, Bill's Kwik-Mart No. 4, Inc., is located in Scappoose, at one point in its brief before the Court of Appeals, petitioner on review states that Bill's Quick-Mart No. 4, Inc., is located in Deer Island, which may or may not be a location of one of William Thompson's other businesses, Bill's Kwik-Mart No. 1, Inc., or Thompson Kwiki's, Inc.

While petitioner on review's own confusion as to where it is located may explain some of plaintiff's confusion, it must also be noted that the proper name and address of the intended garnishee was set out in the "Transferee's Notice to Creditors," which was the only document used by plaintiff to support the claim made in the motion for a writ of garnishment that the intended garnishee held assets belonging to defendant.

judgment against defendant for $24,019.68, with accrued interest. A part of the judgment ordered that "all money and property held under garnishment in this matter shall be paid over to the Sheriff" to be applied toward payment of the judgment. On May 21, 1985, plaintiff filed "Allegations and Interrogatories" against "William Thompson and Bill's Quick Mart, Inc.," alleging that these parties had been served with a writ of garnishment in this matter, which they had refused to answer. These allegations were served on William Thompson personally and as an officer of "Bill's Quick Mart, Inc."

William Thompson replied personally and as an officer of Bill's Quick Mart, Inc. In his personal reply, William Thompson alleged that he had no property in his possession belonging to defendant and prayed for judgment against plaintiff. In his reply as officer of Bill's Quick Mart, Inc., William Thompson moved for an order dismissing plaintiff's allegations and interrogatories, alleging that he was not an officer or named agent of Bill's Quick Mart, Inc., and that there was no such corporation in Oregon.

The circuit court found that William Thompson had not acted personally in any dealings with R. L. Thompson Enterprises and was thus "insulated from personal liability." The court also found that service of garnishment against William Thompson as an officer of "Bill's Quick Mart" was good notwithstanding the fact that plaintiff intended to garnish the assets held by "Bill's Kwik-Mart, No. 4, Inc.," because the "law will look to the substance rather than strict form." The trial court amended the "proceeding" and title of this case to delete "Bill's Quick Mart, Inc.," as garnishee and to substitute "Bill's Kwik Mart No. 4, Inc.," as garnishee.

The court ordered Bill's Kwik-Mart No. 4, Inc., to pay $23,910.28 plus interest. The newly designated garnishee, Bill's Kwik-Mart No. 4, Inc., appealed and the Court of Appeals affirmed, *Glen L. Olson, Inc. v. R.L. Thompson, Enter., Inc.,* 88 Or App 309, 745 P2d 1227 (1987), holding that ORCP 23B[6] allowed plaintiff's pleadings to be amended to

---

[6] ORCP 23B provides:

"[T]he court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits. * * *"

conform to the evidence, which evidence in this case indicated that plaintiff intended to name Bill's Kwik-Mart No. 4, Inc., as the garnishee. We reverse the decision of the Court of Appeals.

■ ■ While an amendment of the pleadings might be within the scope of a court's power, it does not solve plaintiff's dilemma in the present case. A writ of garnishment is the statutorily constructed method of attaching money or other property of a judgment debtor in the hands of a third person. While the writ is closely related to pleadings, it is not a pleading within the Oregon Rules of Civil Procedure subject to amendment by a court, and an amendment of the pleadings which surround or arise from the writ cannot change the writ.

Garnishment, used in the present action as a method of prejudgment attachment of a defendant's assets held by a third party, has a long history in Oregon. The original laws of Oregon gave a plaintiff, "at any time after the commencement of the action and before judgment," the ability to "have the property of the defendant attached." General Laws of Oregon, ch 1, § 142, p 175 (Civ Code) (Deady 1845-1864). Section 143 gave the clerk of the court the authority to issue a writ of attachment, and section 147, subdivision 3, gave the sheriff, "to whom the writ is directed and delivered," the authority to execute the writ against defendant's personal property or debts in the possession of a third person. Section 150 required that any person or officer mentioned in subdivision 3 of section 147 should furnish the sheriff with a "certificate, designating the amount and description of any property in his possession belonging to the defendant." If the third party served with the writ refused to file such a certificate, or if the certificate was unsatisfactory, the third party could be ordered to appear before the court where the action was pending. *Id.* at § 150, p 178. "In the proceedings thereafter upon such order, such person or association or corporation, shall be known as the garnishee." *Id.* at § 161, p 179.

The sheriff's delivery of the writ to the garnishee and the garnishee's answer could give rise to a series of actions and proceedings similar to other civil proceedings. After the court's order to appear because of an unsatisfactory certificate in response to the writ, the plaintiff could serve upon the garnishee written allegations and interrogatories. *Id.* at § 162,

p 197-80. Section 163 required the garnishee to provide a written answer to the interrogatories on the day the garnishee was directed to appear in response to the court's order. The plaintiff was permitted to file an answer and the garnishee was allowed to amend the answer. If the garnishee refused to answer, the plaintiff could, "at any time after the entry of judgment against the defendant in the action, have judgment against the garnishee for want of such answer." *Id.* at § 164, p 180.

These provisions remained unchanged for over one hundred years, being codified as that part of the chapter setting forth several provisional remedies concerning attachment and garnishment, ORS 29.110 to 29.410. In 1977 the legislature passed Oregon Laws 1977, chapter 613 (codified at ORS 23.659 to 23.670) creating a writ of garnishment as "a process of the court to enable a judgment creditor to subject to the payment of his judgment, personal property or indebtedness owing by a third party to the judgment debtor." *Former* ORS 23.650 (*repealed by* Or Laws 1981, ch 883, § 1). These statutes first set out the form for the writ of garnishment and provided that portions of the statutes governing a garnishee's duties and liabilities in response to a writ of attachment should apply to the new writ of garnishment. In 1981 the legislature combined the two processes, making the writ of garnishment the exclusive method for a plaintiff to gain access to a defendant's assets. Or Laws 1981, ch 883 (codified at ORS 29.125 to 29.395).

ORS 29.145 requires that all writs be "in substantially the * * * form" therein set forth. In this and in some other small ways, the legislature has clarified and made more strict the requirements for successful garnishment, but the legislature has not otherwise altered the basic structure of garnishment as a provisional remedy nor changed the garnishee's duties and responsibilities upon being served with the writ.

■ Prejudgment garnishment is a provisional remedy afforded a plaintiff, designed to assure the plaintiff that, after successfully pursuing an action against a defendant, the plaintiff will be able to recover from the defendant. At the same time, garnishment represents a detriment to a defendant, who may lose the use of his property pending determination of

liability. Because of this infringement on the rights of the defendant, this court has often held that attachment or garnishment can only be done in strict compliance with the statute. *See, e.g., Peet v. Briggs,* 248 Or 50, 432 P2d 310 (1967); *Price v. The Boot Shop,* 75 Or 343, 164 P 1088 (1915). ORS 29.195(1), provides that the garnishee has no duty beyond examining the face of the writ to determine if the writ or the plaintiff or the sheriff has complied with the statutory provisions. This statute codifies the principle long recognized by this court that the garnishee is a mere stakeholder who cannot waive any of the defendant's rights under the statute, including defendant's right to proper notice. *Peet v. Briggs, supra.*[7]

■ One of the rights protected by the garnishment statute is the right of adequate notice:

> "Notice, to be effectual, must be in the nature of a signal of warning, the observance of which instantaneously attracts the attention of those who are interested therein or would be affected thereby, and which, if prosecuted with reasonable diligence, would lead to the knowledge which it is designed to impart. * * *" *McDowell v. Parry,* 54 Or 99, 102, 76 P 1081 (1904).

■ While ORS 29.195(2) requires that the garnishee "shall use all the information contained in the writ of garnishment pertaining to the identity of the defendant," the garnishee or the person served with the writ is not free to use any special knowledge in responding to the writ. In *Peet v. Briggs, supra,* plaintiff sought to collect a judgment against defendant by serving a writ of execution and notice of garnishment against defendant's employer. The writ was served on the garnishee's bookkeeper, who filed a return stating that no money was then due defendant. When plaintiff sought to hold the garnishee liable, the garnishee successfully challenged the adequacy of notice, which the garnishee could not waive

---

[7] *Compare McDowell v. Parry,* 45 Or 99, 76 P 1081 (1904), where this court was faced with the question whether a sheriff's certificate of attachment after issuance of a writ was valid. The title of the certificate incorrectly listed the defendant as "A. W. Kersting" instead of "W. A. Kersting." Despite the fact that the defendant was correctly listed in the body of the certificate and in all other documents leading to the issuance of the writ, this court held that the attachment was invalid, because "the legislative assembly, out of an abundance of caution, in attempting to protect the rights of innocent persons," required accuracy in all aspects of attachment. 45 Or at 102.

because "a garnishee cannot waive defects in the process to the detriment of the judgment debtor." 248 Or at 52.

■■     In the present case, there is no question that the writ of garnishment did not adequately name the garnishee. While there also may be no question that the garnishee served could have corrected the defect by adding personal knowledge of the plaintiff's intentions to the notice contained in the writ, to do so would be a waiver of the defendant's rights, contrary to the statute. *Peet v. Briggs, supra.*

■     It is also beyond the power of the court to amend the writ. In *Starkey v. Lunz,* 57 Or 147, 110 P 702 (1910), this court had before it the question whether a court could amend a writ of attachment by adding to the writ the seal of the clerk of the court, which had been omitted when the clerk issued the writ. This court specifically held that the writ could not be amended. We noted that despite the provision in the Code of Civil Procedure which permitted the court to, "at any time, before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended," a court could not amend a writ. "We do not think the word 'proceeding' as employed in section 102, B & C Comp., is comprehensive enough to embrace process," and a writ of attachment is a process for enforcing a class of rights. *Id.* at 152.

The circuit court in the present case lacked the authority to amend the writ of garnishment. The intentions of the plaintiff concerning who should have been named as garnishee were not properly before the court. Once the writ of garnishment is prepared and served, it must stand by itself. The questions before the court should have been confined to whether the garnishees named in the writ actually existed and whether those garnishees who actually did exist had filed proper certificates as required by ORS 29.235(1). Since there is no dispute that the only garnishee named in the writ who could have been before the court did not file the required certificate, the court should have then proceeded to a determination of the garnishee's liability under ORS 29.275. Substitution of alternative garnishees was beyond the authority of the court.

The decision of the Court of Appeals and the judgment of the circuit court are reversed, and the case is

remanded to the circuit court for further proceedings consistent with this opinion.