H. VON GEMMINGEN, Appellant,

v.

The FIRST NATIONAL BANK OF ANCHORAGE, Appellee.

No. S–3075.

Supreme Court of Alaska.

March 30, 1990.

---

Brett von Gemmingen, Anchorage, for appellant.

John R. Beard, Beard and Lawer, Anchorage, for appellee.

OPINION

Before RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

RABINOWITZ, Justice.

## I. INTRODUCTION.

H. von Gemmingen appeals the superior court's holding on summary judgment[1] that "a real estate escrow account placed in the attachee's hand for collection, but not collected when the writ was served, cannot be reached by a writ of attachment."[2] The essential dispute is whether real estate es-

crow accounts managed pursuant to a judgment debtor's instructions are subject to execution, regardless whether funds are present at the exact instant a levy of the execution is made. We hold that such accounts are property subject to execution under AS 09.35.070, and therefore reverse.

## II. FACTS.

In April 1987, von Gemmingen obtained a judgment for over $90,000 against his former employers, Clint and Mary Finstad, for unpaid real estate commissions. In an attempt to satisfy that judgment, von Gemmingen caused a writ of execution to be served upon the First National Bank of Anchorage ("the bank") on May 6, 1987. von Gemmingen's "Notice of Levy By a Court Writ" contained in part the following text:

> YOU ARE HEREBY NOTIFIED that all earnings, money, personal property, credits and debts due or owing in your possession or under your control belonging to [judgment debtors the Finstads et al.] ... not exceeding the sum of $92,520.04 is hereby levied upon by the attached Writ.

The Notice directed the bank's further attention to an attached Creditor's Affidavit and non-exhaustive Schedule of Accounts naming the judgment debtors as escrow payees. The Creditor's Affidavit, which we construe together with the Notice and Writ,[3] described the property to be levied to include:

> All monies and personal property in the name of any or all of the above-named

---

**1.** The superior court granted The First National Bank of Anchorage's motion for summary judgment and entered an order dismissing the garnishee proceedings von Gemmingen had instituted against the bank.

**2.** We note at the outset the confusion on the part of the parties, the Alaska Rules of Civil Procedure, and courts between attachment, garnishment, and execution. To levy on a judgment debtor's property in the hands of a third party, von Gemmingen properly obtained a writ of execution. AS 09.35.010, AS 09.35.030. First National Bank is nevertheless styled a "garnishee" by Civil Rule 89 (Attachment) subsection (*l*) (Garnishee Proceedings). Third party liability for noncooperation with a valid writ of

execution is predicated upon AS 09.35.110 (Execution Procedure), which provides in part that

> All property shall be levied upon or released from levy in the manner that similar property is attached or released from attachment, and the proceedings against the garnishee and the liability of the garnishee are the same.

Alaska Statute 09.40.040, which defines third party liability for improperly resisting attachment, therefore applies to writs of execution. *See Beery v. Browning,* 717 P.2d 365, 367 n. 7 (Alaska 1986).

**3.** *See Beery,* 717 P.2d at 366 n. 2, 367–68 (construing Writ and Affidavit together, and requiring Notice).

judgment debtors ... [and] all monies and personal property held for the benefit of any or all of the above-named judgment debtors as an escrow payee.

The bank initially denied holding "any earnings, money, personal property, credits or debts" belonging to the named debtors, but later identified one account which contained a promissory note. The bank has since held that note, and any note proceeds, subject to von Gemmingen's levy. The 143 other escrow accounts levied contained deeds to real property executed by the Finstads in favor of the purchasers.[4] Testimony by bank Senior Escrow Officer Gloria Reall indicated purchasers deposited nearly $8,000 in these accounts over May and June of 1987, but that (pursuant to amended instructions) the bank disbursed each deposit "the very second it [was] received" to loan accounts at the bank itself and to the security assignees.[5] Thus, although the bank not only managed but also claimed a written but unrecorded "security assignment in the escrow accounts [the bank was] holding," the bank denies having held any property subject to levy other than the promissory note. The bank does not contend that its interest in deposited funds is superior to von Gemmingen's, but instead emphasizes that "no proceeds" were held at the time of the levy.

## III. DISCUSSION.

### A. *Standard of Review.*

Statutory interpretation is a question of law. "Our duty is to adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha,* 591

P.2d 1281, 1284 n. 6 (Alaska 1979). The respective burdens to be borne by "garnisher" von Gemmingen and "garnishee"[6] First National Bank are specified in *Steenmeyer Corp. v. Mortenson–Neal,* 731 P.2d 1221 (Alaska 1987): von Gemmingen "had the burden of establishing that at the time of service of garnishment process [the bank] had in its possession personal property belonging to [the Finstads] or owed a debt to [the Finstads]"; the bank in turn "had the burden of establishing an affirmative defense." *Id.* at 1225 (citing *Anchorage Helicopter Serv. Inc. v. Anchorage W. Hotel,* 417 P.2d 903, 906 (Alaska 1966)).

### B. *An Escrow Account is "Property" Liable to Execution Under AS 09.-35.070.*

Alaska Statute 09.35.070 provides that:

All goods, chattels, money, or other property, both real and personal, or an interest in the property of the judgment debtor not exempt by law, and all property and rights of property seized and held under attachment in the action are liable to execution.

The bank does not contend that the escrow accounts von Gemmingen sought to levy were exempt. Rather, the bank contends that "collection escrow 'accounts'—as distinguished from escrowed property and collected, undisbursed proceeds—are *not* property reached by garnishment upon the collecting escrow agent." We disagree. Construing the definitions of "property" in AS 09.35.070 and AS 01.10.060(9)[7] to serve the policy of enforcing judgments, we hold

---

4. The escrow agreements are not in evidence. However, on summary judgment, the proper inference is that such agreements were valid, operative contracts for which the Finstads had paid valuable consideration.

5. In reply to a question by von Gemmingen's counsel:
   In order for us to be able to execute on these 143 escrow accounts, are you saying we have to execute when the money is actually in the account, or we have to execute every single day?
   Ms. Reall replied:
   Even if you executed on me every single day, unless I have money in hand, there would not

be anything there. The only money that I would have available pursuant to an execution would be undisbursed funds in my hands. Money is disbursed the very second it is received.

6. *See* note 2 *supra.*

7. Alaska Statute 01.10.060 provides in part:
   *Definition.* In the laws of the state, unless the context otherwise requires,
   ....
   (9) "personal property" includes money, goods, chattels, things in action, and evidences of debt[.]

that "property" liable to execution includes not only funds within named escrow accounts, but also the rights of and duties owed to judgment debtors pursuant to the terms of those accounts.[8] Funds deposited in escrow accounts then subject to a valid levy are encumbered at the time of deposit. *Cf. Rushmore State Bank v. Kurylas, Inc.*, 424 N.W.2d 649, 662 (S.D.1988) (IRS levy pursuant to tax lien upon "all property and rights to property" of taxpayer encumbered interest accrued and payments made after date of levy). A valid levy subjects the judgment debtor's full interest in such accounts to execution,[9] consistent with the priorities, exemptions and other requirements of applicable state and federal law.

C. *First National Bank is Liable Under AS 09.40.040.*

■ Alaska Statute 09.40.040 provides:[10] *Third party liability.* All persons having in their possession personal property belonging to the defendant or owing a debt to the defendant at the time of service upon them of the writ and notice shall deliver, transfer, or pay the property or debts to the peace officer, or be liable to the plaintiff for the amount of the property or debts until the attachment is discharged or a judgment recovered by plaintiff is satisfied.

Consistent with our conclusion that the contractual rights of and duties owed to the Finstads pursuant to their escrow agreements with First National Bank are property subject to execution, we conclude that the bank as escrow agent did "possess" property of the judgment debtors at the time of the levy. AS 09.40.040; *see also* Civil Rule 89(f)(3).[11] The bank does not dispute that von Gemmingen could levy individual purchasers,[12] and we perceive no policy reason to prevent judgment creditors from intercepting individual payments upon their deposit and accounting in escrow.[13]

---

**8.** *See* note 4 *infra. Cf. Anchorage Helicopter Serv. Inc. v. Anchorage W. Hotel,* 417 P.2d 903, 906 (Alaska 1966). As *Anchorage Helicopter* recognized earned contractual rights to wages as "debts" for purposes of AS 09.40.040, in the instant case we recognize paid-for contractual duties as "property" in a similar context.

**9.** *Cf. Banker's Trust Savings & Loan Ass'n v. Cooley,* 362 F.Supp. 328, 332 (N.D.Miss.1973) ("The only interest in the escrow account which is subject to the tax liens of the United States is the interest which could be asserted and enforced by [the taxpayer]."); *Anchorage Helicopter,* 417 P.2d at 906 (garnishee employer's liability decreased by amount of good-faith advances on garnished salary).

**10.** Alaska Statute 09.40.040 applies by analogy to writs of execution. *See* AS 09.35.110; *see also* note 2, *supra.*

**11.** Civil Rule 89(f)(3) provides:

(f) *Execution of Writ.* The peace officer shall execute the writ without delay, as follows:

. . . .

(3) Other personal property shall be attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having possession of same, or it it be a debt, then with the debtor.

We reject appellee's assertion that rights not evidenced by a negotiable instrument or security as defined by the Uniform Commercial Code, *see* AS 45.09.105(a), "cannot be held" for purposes of execution upon third parties. We further reject the bank's argument that "accounts placed in the garnishee's hands for collection, but not collected when the writ was served, cannot be reached by a writ of attachment or garnishment." *See* 6 *Am.Jur.2d,* "Attachment and Garnishment" § 159 at 674 (citing *Acheson–Harder Co. v. Western Wholesale Notions Co.,* 72 Utah 323, 269 P. 1032 (1928) (uncollected accounts receivable not garnishable; remand to clarify control of debtor's assets) and *Salyers Auto Co. v. De Vore,* 116 Neb. 317, 217 N.W. 94 (1927) (as-yet unearned hog-advertisement commissions "simply contingencies" not subject to garnishment)). Neither argument finds support in the relevant statutory provisions, and each is contrary to the policy those provisions serve, the enforcement of judgments in a contemporary context.

**12.** We note that neither party requested this court to adopt the rationale of *City of Arkansas City, Kansas v. Anderson,* 12 Kan.App.2d 490, 749 P.2d 505, 508–10 (1988) (interest in payments on contract for real property "not subject to levy until the payments are due," per the "general rule at common law that a writ of execution may not be levied against a mere contractual right or chose in action") (citing 30 *Am.Jur.2d* Executions § 156), which we decline to follow as not in keeping with the policies underlying AS 09.35.070 and related provisions.

**13.** *Weir v. Galbraith,* 92 Ariz. 279, 376 P.2d 396 (1962), cited by the bank, does not suggest otherwise. In *Weir,* the title company receiving payments on an installment land sale contract was held liable for sums received after service

The escrow agent may transfer such property by providing the peace officer with written acknowledgment substituting the judgment creditor in the place of the judgment debtor-escrow obligors for purposes of future payments by the account obligees.[14]

## IV. CONCLUSIONS.

The First National Bank of Anchorage possessed property of the judgment debtors at the time levy of a writ describing such property was made. Per AS 09.35.-110, AS 09.35.070, AS 09.40.040 and Civil Rule 89($l$)(5),[15] the bank should have transferred the judgment debtors' interest in the named escrow accounts to the peace officer executing the writ. The bank is now liable for the value of both the promissory note and any deposits placed in levied accounts after the writ was served, in an amount not exceeding the still unsatisfied portion of the judgment. On remand, von Gemmingen shall be accorded discovery of the contents of the levied accounts, deposits made to those accounts since the date of the levy, and the Finstad's interests in the levied accounts at the time the writ of execution was served.[16]

REVERSED and REMANDED for proceedings consistent with this opinion.

MATTHEWS, C.J., not participating.

of the writ. *Id.* 376 P.2d at 402. The *Weir* court did not rely upon the fact that writs had been served on the land purchaser and seller's assignee as well.

**14.** von Gemmingen may choose to sell this property at auction. AS 09.35.150.

**15.** Civil Rule 89($l$)(5) provides:
  (5) *Judgment Against Garnishee.* If it shall be found that the garnishee, at the time of service of the writ of attachment and notice, had any property of defendant liable to attachment beyond the amount admitted in his statement, or in any amount if a statement is not furnished, judgment may be entered against the garnishee for the value of such property in money. At any time before judgment, the garnishee may be discharged from liability by delivering, paying or transferring the property to the peace officer.

**16.** *See* note 9 *supra; see also Steenmeyer,* 731 P.2d at 1225, quoted in part III–A, above.