*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ARCTICORP, | ) |
| | ) Supreme Court No. S-16452 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-15-05556 CI |
| v. | ) |
| | ) O P I N I O N |
| C CARE SERVICES, LLC and | ) |
| STATE OF ALASKA, DEPARTMENT | ) No. 7261 – July 20, 2018 |
| OF HEALTH & SOCIAL SERVICES, | ) |
| | ) |
| Appellees. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Douglas R. McMillan and John W. Colver, Colver & McMillan, LLC, Anchorage, for Appellant. Scott D. Friend, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee State of Alaska, Department of Health & Social Services. No appearance by Appellee C Care Services, LLC.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

WINFREE, Justice.

## I. INTRODUCTION

A commercial tenant breached its lease and owed unpaid rent. The landlord sued and obtained a writ of attachment against any funds owed the tenant from Alaska's

Department of Health and Social Services (DHSS).  DHSS replied to the writ by stating it owed nothing to the tenant because a recent audit showed the tenant owed DHSS $1.4 million.  Without responding to DHSS's reply the landlord moved for a writ of execution against DHSS, which the superior court denied after finding there were no funds to attach.  The court denied the landlord's motion for reconsideration, as well as its request for a hearing to examine DHSS.  The landlord appeals the denial of its motion for reconsideration and seeks a remand for a hearing to examine DHSS.  We affirm the superior court's orders.

## II.     FACTS AND PROCEEDINGS

Arcticorp, a commercial real estate company, leased property to C Care Services, LLC for a five-year term beginning July 1, 2014.  The following month the federal government apparently shut down C Care pending a criminal investigation for Medicare and Medicaid billing fraud.  Unable to operate, C Care failed to pay rent after October 2014.

Arcticorp filed a complaint for breach of contract in March 2015 and simultaneously moved for a prejudgment writ of attachment against C Care under Alaska Civil Rule 89[1] and AS 09.40.010.[2]  Arcticorp also sought to attach any funds DHSS may have owed for services C Care rendered prior to its forced closure.  Arcticorp did not attempt to serve DHSS the writ papers.

Around the time Arcticorp filed its complaint, DHSS was seeking to recover funds it was owed by C Care for Medicaid billing fraud.  After an audit, in mid-March DHSS informed C Care that Medicaid overpayments made to C Care exceeded

---

[1]     *See* Alaska R. Civ. P. 89 (providing procedures for writs of attachment).

[2]     *See* AS 09.40.010(a) (enumerating actions in which attachment is authorized).

$1.4 million.  Before DHSS began its recovery process C Care had an opportunity to appeal that determination, but it did not.  The decision not to appeal may have been a consequence of a plea agreement C Care's owner entered into in May in a state criminal case against her.  According to Arcticorp's summary of the plea agreement, C Care's owner agreed not to appeal certain overpayment and restitution findings and to forward any funds received from others to pay C Care's debt to DHSS.

In early April C Care answered Arcticorp's complaint and admitted to all allegations of breach and money owed.  Shortly thereafter the superior court issued a writ of attachment, ordering DHSS's accounting department to attach any and all accounts owed to C Care to satisfy its debt to Arcticorp.  Later that month Arcticorp wrote a letter notifying DHSS of the writ; it was addressed "To Whom It May Concern" and mailed to a post office box of the "Alaska Department of Health and Social Services."  Arcticorp did not attempt to serve the writ on DHSS according to the Civil Rules.[3]  In August C Care confessed judgment in Arcticorp's favor, and both parties entered a stipulation and covenant not to execute.

In September, five months after the court issued the writ of attachment, DHSS replied to Arcticorp that no money was owed C Care and that there were no funds to attach.  DHSS explained that the Office of the Attorney General serves as counsel for DHSS and that the writ of attachment, although sent to DHSS, had not been forwarded

---

[3]    Alaska Civil Rules 4(d)(7) and (8) provide that service of process upon a State agency must be made "by registered or certified mail to the Attorney General of Alaska" in Juneau (and the chief of the Attorney General's Office in Anchorage or Fairbanks if the matter is filed in the Third or Fourth Judicial District) and by "delivering a copy of the summons and of the complaint to such . . . agency."  *See also* STATE OF ALASKA, DEP'T OF LAW, OP. ATT'Y GEN., 1977 WL 21953, at *2 (Mar. 31, 1977) (concluding legislature intended that Rules 4(d)(7) and (8) also apply to service of attachment papers).

to the Office of the Attorney General until August. DHSS further noted that before the writ of attachment was issued DHSS had audited C Care and determined C Care owed DHSS over $1.4 million. DHSS's reply included the affidavit of its medical assistance administrator who conducted the audit, as well as its correspondence with C Care concerning the audit results.

In October, after receiving DHSS's reply, Arcticorp requested an entry of a final judgment on confession against C Care; the court entered the final judgment in December.

Arcticorp moved for a writ of execution against DHSS in May 2016, eight months after DHSS had indicated there were no funds to attach in response to Arcticorp's writ. The court denied the motion. It found credible DHSS's explanation that no funds were payable to C Care. The court reasoned that "[b]ecause no funds exist and because [DHSS] bears no duty otherwise to pay the defendant's debts, entry of the requested order would be futile." The court also observed that Arcticorp had not properly served DHSS the original motion for a writ of attachment, delaying the court's receipt of important information until after it entered the writ of attachment and denying DHSS "due process within which to confirm or deny that such funds existed." But the court noted DHSS had not asked that the writ be vacated.

Arcticorp moved for reconsideration, advancing three arguments. First, Arcticorp had no duty to serve the motion for a writ of attachment on DHSS because DHSS was not a required party to the action. Second, the court should ignore DHSS's reply because DHSS, a non-party, had not properly intervened under Alaska Civil Rule 24. Finally, DHSS had not met its burden to show that it owed C Care no funds. Arcticorp also requested a garnishee proceeding, requiring DHSS to "show cause and submit evidence in support of [its] position" that it owed C Care no funds. The court invited C Care and DHSS to respond to Arcticorp's motion, but neither did so.

The superior court denied Arcticorp's motion for reconsideration. The court found Arcticorp had not provided DHSS proper notice of the original motion for a writ of attachment and characterized Arcticorp's Rule 24 intervention argument as "absurd," given that it "invited DHSS['s] participation in the case when it sought the [w]rit of [a]ttachment." Questioning Arcticorp's standing to "challenge DHSS['s] determination that it does not owe [C Care] money," the court rejected Arcticorp's "contention that the burden of proof falls on DHSS." The court held that DHSS had provided "sufficient evidence to show that execution is not warranted" and that, although the "[w]rit . . . froze any money DHSS might owe" C Care, "the [w]rit did not establish that in fact DHSS actually held money owed to [C Care]."

Arcticorp seeks reversal of the order denying its motion for reconsideration, arguing that DHSS failed to timely intervene under Rule 24. Arcticorp also seeks remand for a garnishee proceeding to examine DHSS.

## III.   STANDARD OF REVIEW

"The respective burdens to be borne by 'garnisher' . . . and 'garnishee' " involve questions of statutory interpretation.[4] We apply our independent judgment to such questions, reviewing a court's interpretation of statutes de novo and "adopting the rule of law that is most persuasive in light of precedent, reason, and policy."[5] We also

---

[4]     *See von Gemmingen v. First Nat'l Bank of Anchorage* (*von Gemmingen I*), 789 P.2d 353, 355 (Alaska 1990); *Anchorage Helicopter Serv., Inc. v. Anchorage Westward Hotel*, 417 P.2d 903, 906 & n.1 (Alaska 1966).

[5]     *Ruerup v. Ruerup*, 408 P.3d 1203, 1206 (Alaska 2018) (quoting *Stephanie F. v. George C.*, 270 P.3d 737, 746 (Alaska 2012)).

apply our "independent judgment to decide whether it was error not to hold an evidentiary hearing" to resolve a disputed factual issue.[6]

## IV. DISCUSSION

We begin our analysis with an overview of writs of attachment and garnishee proceedings. After a civil action commences, Rule 89 permits a plaintiff to apply to the court to "attach" the property of the defendant "as security for satisfaction of a judgment that may be recovered."[7] The plaintiff must file a motion with an affidavit showing the existence of a contractual debt and the plaintiff's right to recover it.[8] A court may issue the writ of attachment only after the defendant is (1) served notice of the motion and a copy of the affidavit, and (2) given an opportunity for a judicial hearing.[9] At the hearing the plaintiff must "establish by a preponderance of the evidence the probable validity of the plaintiff's claim for relief in the action and the absence of any reasonable probability that a successful defense can be asserted by the defendant."[10] Upon this showing the court must issue a writ of attachment against the defendant, which "shall be directed to a peace officer and shall require the peace officer to attach and

---

[6]   *See Limeres v. Limeres*, 367 P.3d 683, 686 (Alaska 2016) (quoting *Routh v. Andreassen*, 19 P.3d 593, 595 (Alaska 2001)).

[7]   Alaska R. Civ. P. 89(a).

[8]   Alaska R. Civ. P. 89(b).

[9]   Alaska R. Civ. P. 89(c)(1)-(2).

[10]   Alaska R. Civ. P. 89(d).

safely keep property of the defendant not exempt from execution."[11] Debts owed by third parties to the defendant may be attached.[12]

Third-party debtors holding property that cannot be taken into custody must be served a writ of attachment and a notice specifying the property attached.[13] Upon service of the writ and notice, AS 09.40.060 provides that the third party "shall within a reasonable time and in any event within 24 hours furnish . . . a statement designating the amount and description of any personal property . . . belonging to the defendant, or any debt the person owes to the defendant." If the plaintiff is unsatisfied by the third party's response, or the third party fails to respond at all, the third party "may be ordered to appear before the court and be examined concerning . . . the debt."[14]

Rule 89(*l*) governs the in-court examination of a third party, called a "garnishee proceeding";[15] a third-party debtor who is ordered to appear before the court for such an examination is called a "garnishee."[16] The equivalent of a service of summons must be made upon the garnishee.[17] During garnishee proceedings the

---

[11]     Alaska R. Civ. P. 89(e).

[12]     AS 09.40.040 ("All persons having in their possession personal property belonging to the defendant or owing a debt to the defendant at the time of service upon them of the writ and notice shall deliver, transfer, or pay the property or debts to the peace officer . . . .").

[13]     Alaska R. Civ. P. 89(f)(3). We note that nothing in Rule 89 suggests a third-party debtor must be served the original motion for prejudgment writ of attachment.

[14]     AS 09.40.060.

[15]     *See* Alaska R. Civ. P. 89(*l*).

[16]     Alaska R. Civ. P. 89(*l*)(1).

[17]     *Id.* ("The order . . . shall be served upon the garnishee and return of service
(continued...)

"plaintiff may utilize the rules of discovery . . . with respect to all matters relating to property of the defendant believed to be in the possession of the garnishee."[18] Issues of fact may be resolved through a trial with witnesses.[19]

The court may enter judgment against the garnishee if the court finds that the garnishee has any property of the defendant, whether "beyond the amount admitted in the garnishee's statement, or in any amount if a statement is not furnished."[20] Execution of the writ of attachment "may issue upon a judgment against a garnishee as upon a judgment between plaintiff and defendant."[21]

Given this framework, we address Arcticorp's arguments that the superior court erred by (1) considering DHSS's reply to the writ of attachment because it failed to timely intervene and was not a party to the action, and (2) denying Arcticorp's request for a show-cause hearing in its motion for reconsideration.[22]

---

[17]     (...continued)
made in the manner provided for service of summons and return thereof in Rule 4.").

[18]     Alaska R. Civ. P. 89(*l*)(3).

[19]     Alaska R. Civ. P. 89(*l*)(4).

[20]     Alaska R. Civ. P. 89(*l*)(5).

[21]     Alaska R. Civ. P. 89(*l*)(7).

[22]     Although Arcticorp briefed the issue whether it properly served the writ of attachment on DHSS, DHSS did not ask for the writ of attachment to be vacated on this or any other basis in the superior court, and it does not do so in this court. Because the superior court's decision to deny the motion for a writ of execution rested on a different ground — the unavailability of funds to attach — we do not address whether Arcticorp failed to properly serve the writ of attachment.

**A.  It Was Not Error To Consider DHSS's Reply To The Writ Of Attachment.**

Arcticorp argues the superior court erred by considering DHSS's reply to the writ of attachment because DHSS neglected to file a timely motion to intervene under Rule 24.  Arcticorp urges reversal of the order denying the writ of execution because the court should not have allowed DHSS a "de facto intervention."  Arcticorp misunderstands garnishment procedures.

We have held that garnishment procedures are "narrowly construed" to "protect the innocent garnishee from liability to either garnishor or judgment debtor."[23] Neither Alaska's statutes nor civil rules require formal intervention for a garnishee to respond to a writ of attachment.  They rather require that a garnishee receive notice of the writ of attachment and be given an opportunity to respond.[24]  Together AS 09.40.060 and Rule 89(*l*) require the garnishee to furnish a reply describing the debt allegedly owed, and, in anticipation of a dispute arising from the reply — i.e., that the garnishee might contest the amount of debt allegedly owed to the defendant — they provide a procedure to resolve disputes.[25]

Alaska Statute 09.40.060 describes the procedure for response by a third party indebted to a defendant and states in its entirety:

> When a peace officer with a writ of attachment applies to a person for the purpose of attaching property mentioned in the attachment, *the person shall within a reasonable time and in any event within 24 hours furnish the peace officer with a statement* designating the amount and description of any personal property in the person's possession belonging to the

---

[23]  *Beery v. Browning*, 717 P.2d 365, 368 (Alaska 1986).

[24]  *See id.*; AS 09.40.060; Alaska R. Civ. P. 89(f)(3), (*l*).

[25]  *See* A.S. 09.40.060; Alaska R. Civ. P. 89(*l*).

defendant, or any debt the person owes to the defendant. *If the person refuses to do so, or if the statement is unsatisfactory to the plaintiff*, the person may be ordered to appear before the court and be examined concerning the property or debt. (Emphases added.)

The statute not only allows the third party to respond to a writ of attachment, it requires a response upon receiving notice of the writ of attachment.

Rule 89(*l*)(5), governing judgments following a garnishee proceeding, also contemplates a reply upon service of the writ, stating:

If it shall be found [after a hearing] that the garnishee, *at the time of service of the writ of attachment and notice*, had any property of the defendant liable to attachment *beyond the amount admitted in the garnishee's statement, or in any amount if a statement is not furnished,* judgment may be entered against the garnishee . . . . (Emphases added.)

Both Rule 89(*l*) and AS 09.40.060 thus provide a third party the opportunity to reply to a writ of attachment prior to garnishment without resorting to formal intervention under Rule 24. As a named third party in the writ of attachment, DHSS was not required to formally intervene under Rule 24 for the court to consider its reply.

It is true that DHSS responded to the writ of attachment five months after it issued, and, by DHSS's own report, nearly a month after its legal counsel received Arcticorp's letter notifying DHSS of the writ; the delay apparently was due to Arcticorp's informal service of the writ.[26] Arcticorp argues that DHSS's reply "was moot because of the untimeliness of the filing." But Arcticorp raises its timeliness argument to us only briefly under its theory of intervention under Rule 24, rather than

---

[26]     *See* note 3 and related text.

under the relevant statutes pertaining to garnishee proceedings. Given the inadequacy of the briefing, the issue is waived and we will not consider it.[27]

**B.     It Was Not Error To Deny Arcticorp's Request For A Show Cause Hearing In Its Motion For Reconsideration.**

Arcticorp contends that the audit was insufficient evidence that DHSS was not indebted to C Care and that the court erred by placing the burden of proof on Arcticorp to show otherwise. Arcticorp argues that it is entitled to a garnishee proceeding to propound discovery on DHSS under Rule 69(a), Rule 89(*l*)(1), and AS 09.40.060. Arcticorp also argues that C Care's owner's plea agreement raises important new "avenues of inquiry" for a garnishee hearing, "particularly where [the owner] agreed that C Care would 'assign any and all future awards paid . . . to cover the above identified overpayments.' " (Emphasis omitted.)

Contrary to Arcticorp's assertions, it is not "entitled" to an examination without making some showing that DHSS owes a debt to C Care. We have held that "(1) a judgment creditor bears the burden of showing that the garnishee has property of the judgment debtor, and (2) the garnishee has the burden of proving an affirmative defense to the garnishment action."[28] The superior court did not err in its determination

---

[27]     A party may waive its challenge to a lower court action by failing to brief the issue adequately. *See Hagen v. Strobel*, 353 P.3d 799, 805 (Alaska 2015) ("[W]here a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal." (alteration in original) (quoting *Glover v. Ranney*, 314 P.3d 535, 545 (Alaska 2013))).

[28]     *von Gemmingen v. First Nat'l Bank of Anchorage* (*von Gemmingen II*), 890 P.2d 60, 64 (Alaska 1995); *see also von Gemmingen I*, 789 P.2d 353, 355 (Alaska 1990); *Steenmeyer Corp. v. Mortenson-Neal*, 731 P.2d 1221, 1225 (Alaska 1987); *Anchorage Helicopter Serv., Inc. v. Anchorage Westward Hotel*, 417 P.2d 903, 906 (Alaska 1966).

that Arcticorp bore the burden of "establishing that at the time of garnishment process" — service of the writ of attachment and notice — DHSS was indebted to C Care.[29]

We conclude the superior court did not err in finding Arcticorp never met its burden, particularly in the face of DHSS's strong and credible evidence of offset. Arcticorp offered no evidence of DHSS's debt to C Care in its prejudgment motion for a writ of attachment. Neither the attached affidavit nor the complaint detail any arrangement between DHSS and C Care. Apart from the motion's conclusory statement that DHSS "owes C Care . . . for the professional services rendered prior to the start of any investigation by the [FBI]," Arcticorp made no showing that DHSS owed a "debt . . . which would be recoverable" at the time of service of process.[30]

DHSS met its burden of "proving an affirmative defense to the garnishment action."[31] DHSS's reply included an affidavit from a medical assistance administrator with personal knowledge of the audit, as well as its letter to C Care enclosing the audit and stating C Care owed DHSS over $1.4 million. It was not error to conclude that this was sufficient evidence that DHSS was not indebted to C Care. Arcticorp did not produce any evidence showing otherwise in the eight months that elapsed between receiving DHSS's reply and moving for a writ of execution. And Arcticorp's request for a hearing, raised for the first time in its motion for reconsideration, was also devoid of any showing. At no point did Arcticorp produce any affidavits or documents raising

---

[29]     *von Gemmingen I*, 789 P.3d at 355 (quoting *Steenmeyer Corp.*, 731 P.2d at 1225).

[30]     *See Anchorage Helicopter Serv., Inc.*, 417 P.2d at 906 & n.1 (citing AS 09.40.040).

[31]     *von Gemmingen II*, 890 P.2d at 64.

triable issues of fact with respect to DHSS's reply.[32]  It was not error to find a hearing was unwarranted.

As for Arcticorp's contention that the substance of the plea agreement merits a hearing, Arcticorp failed to raise this argument before the superior court and it therefore is not preserved for appeal.[33]  And the argument is unavailing.  The agreement provision Arcticorp cites — C Care's agreement to forward future awards from Xerox State Healthcare to DHSS to pay off C Care's debts — does not change the fact that DHSS owes C Care no money and C Care owes DHSS over $1.4 million.  If Arcticorp now wishes to pursue funds owed from another entity to C Care, Arcticorp may request that the court issue additional writs of attachment.  Requiring DHSS to participate in court proceedings over a nonexistent debt to C Care is not an appropriate remedy.

## V.    CONCLUSION

The superior court's orders denying the motion for a writ of execution and denying the hearing request are AFFIRMED.

---

[32]    *See* Alaska R. Civ. P. 89(*l*)(4) (providing for trial if issues of fact arise between plaintiff and garnishee).

[33]    *Ivy v. Calais Co.*, 397 P.3d 267, 275 (Alaska 2017) ("An argument is ordinarily not preserved for appeal if it was not raised below, or if it was only raised after the party filed a motion for reconsideration." (footnote omitted)).